Lola Jones, Appellee, v. Lester Standerfer and Mt. Vernon Home Oil Company, Appellants.

146

Opinion filed June 6, 1938.   Rehearing denied July 7, 1938.

CURTIS WILLIAMS, of Mt. Vernon, for certain appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, both of East St. Louis, for certain other appellant.

GEORGE E. DODD, West Frankfort, and CONRAD SCHUL, of Mt. Vernon, for appellee; EVERETT B. DODD, of Wood River, of counsel.

MR. JUSTICE MURPHY delivered the opinion of the court.

Lola Jones brought this action to recover damages for personal injuries she claimed to have sustained when struck by a truck. She made Lester Standerfer and the Mt. Vernon Home Oil Company herein referred to as the Oil Company, parties defendant. A trial by jury resulted in a verdict and judgment for $5,000 against both defendants. Defendants have perfected separate appeals and filed separate briefs. Some of the errors urged for reversal are common to both defendants but the Oil Company urges a ground not raised by Standerfer which we shall first discuss.

The Oil Company contends that there is no evidence tending to prove that George Standerfer, driver of the truck, was its servant. It contends that the relationship of the driver of the truck to it, can only be traced through the contractual relationship existing between

it and the defendant, Lester Standerfer, and asserts that Lester Standerfer was an independent contractor.

The complaint on which the case was submitted to the jury consisted of four counts, each of which alleged that on the date of the accident the defendants, Lester Standerfer, and the Oil Company were engaged in the business of sale and distribution of gasoline and oil products within the city of Mt. Vernon and were using a tank truck in the distribution of the same and that the defendants had in their employ as driver of the truck one George Standerfer.

The evidence conclusively shows that the truck was owned by defendant, Lester Standerfer, that he employed the driver, paid him his compensation and directed him as to his duties in reference to the sale of the products and collection of the same. It appears that his duties included the delivery of oil products to urban customers, that he used the truck in making such deliveries, collected from the customers to whom he sold and made his reports to the defendant, Lester Standerfer. The evidence shows that a part of the customers placed orders direct with him, others with Lester Standerfer or some of his employees. The statements which he made and delivered to customers showed the account to be with the Oil Company. It does not appear that he received any direction from the Oil Company as to the performance of his duties or the use he was to make of the truck. At the time of the accident the truck was partially loaded with gasoline and oil products which the driver had obtained from the bulk plant of the Oil Company in Mt. Vernon. The evidence does not disclose the final destination of the trip the driver was starting at the time of the injury, but it may be fairly assumed that he was on his way to make delivery of gasoline and oil products to customers in the country. There was no contractual relation between the driver and the Oil Company. If

there is anything that establishes the relation of master and servant it must have its source in the terms of the written contract that existed between the defendant, Lester Standerfer and the Oil Company.

The contract, which had been entered into several months prior to the accident, provided that in consideration of certain mutual benefits the Oil Company employed Standerfer to act as its agent in the city of Mt. Vernon. Standerfer was to receive, care for and sell exclusive of all other products, the oils, lubricants, etc. which the company supplied for sale. The title to all products was retained by the Oil Company until delivered to the customer. The sale price was fixed by the company. Standerfer was to make collections, deposit the same in a bank to be designated by the company, make daily reports to the company at its home office in Marion. The reports were to contain information as to the amount of deposit, sales and remittances. At the end of each month he was to submit to the company an inventory of products on hand. He was charged generally with the care of the company's property which he had, including the return from customers of all shipping barrels. He could not extend credit without written permission from the company and was liable for any loss sustained arising out of the violation of such provision. Standerfer was to furnish at his own expense all necessary teams, motor power, drivers and labor in making sales, deliveries and collection. He was to be liable for demurrage charges imposed by the railroad company. He agreed generally to perform his duties in a businesslike manner employing no improper, questioned or illegal methods in soliciting or securing business.

As compensation he was to receive commissions monthly, based on the net cash receipts from completed sales and deliveries. The company reserved the right to reject, with or without cause, and without assigning

any reason, any orders for oil products taken by Standerfer. No commissions were to be paid on rejected orders and the right was reserved to deduct from commissions due Standerfer any amounts for which he was liable under the contract. Right to terminate the contract was given to either party at any time by the giving of notice.

The general rule is that a party injured by the negligence of another must seek his remedy against the person, who caused the injury. Well recognized exceptions to this general rule arise where the relation of master and servant, principal and agent are shown, and in those cases the negligence of the servant or agent is imputable to the master or principal, but to bring the case within the exception, it is necessary to show that the relation of master and servant or principal and agent exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose. *Mosby v. Kimball,* 345 Ill. 420, 427.

Assuming that the allegations of the complaint that the Oil Company and Lester Standerfer employed the truck driver, would if the evidence warranted it, be sufficient to cover a relationship of master and servant, joint owners or principal and agent we can more readily dispose of the question by determining whether Lester Standerfer was an independent contractor as contended by the Oil Company for if he was all other relationships are necessarily excluded.

Among the numerous definitions of an independent contractor the Supreme Court in *Bristol & Gale Co. v. Industrial Commission,* 292 Ill. 16, 21 quoted the following: " 'An independent contractor is one who renders service to another in the course of an independent occupation, representing the will of his employer only as to the result of his work and not as to the means by

which it is accomplished.' Again: 'An independent contractor is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it and may use his own discretion in things not specified.' (*Gay v. Roanoke Railroad & Lumber Co.*, 148 N. C. 336.) Also: 'One who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant.' *Hale v. Johnson,* 80 Ill. 185.''

From these definitions and the opinions of the courts of last resort of this and other States it is manifest that the decisive inquiry is whether the Oil Company had any control over the driver of the truck and in his management and operation of the same.

The contract between the parties controls that question. We are of the opinion that the control reserved by the contract to the Oil Company is as to the ultimate results to be obtained in the sale of oil products and that it pertains to the contractual features rather than to a control over the details and physical movements necessary to accomplish the results sought in the sale of oil products. Control was reserved to fix the sale price, to extend credit, to require reports and inventories, but it did not undertake to control the hours of labor, the time to make collections, the persons to solicit for orders. To be more specific in reference to the use of the truck it will be noted that the Oil Company had no interest in the truck, assumed no liability to pay the expense of operation. In fact it did not even direct that the products should be delivered by truck for in the specification in the contract in refer-

ence to Standerfer paying all the expense in making delivery and collection, provision is made that it shall apply to necessary teams or motor power thereby giving Standerfer the right to select the means of transportation. The Oil Company had no right to employ laborers to make delivery or collections, nor authority to discharge anyone employed by Standerfer for such purposes.

In *Bristol & Gale Co. v. Industrial Commission, supra,* the court said, ''The right to control the work contracted for is an important test in determining whether the employee is an independent contractor or a mere servant and it may be stated generally that if the employee is under the control of the employer he is a servant but if in the performance of the work he is not under the control of the employer he is an independent contractor.''

Many cases from other jurisdictions have been cited in counsels' briefs, several of which were exhaustedly reviewed in *Hempstead v. Toledo Scale Co.,* 270 Ill. App. 299, and in *Meece v. Holland Furnace Co.,* 269 Ill. App. 164, and from a consideration of the principles laid down, we are of the opinion that the Oil Company was an independent contractor and that the court erred in not allowing its motion for a directed verdict.

The errors relied upon by the defendant, Standerfer, are that the plaintiff was guilty of contributory negligence and error in the giving and refusal of instructions.

The evidence shows that plaintiff, an employee in a dress factory, located on the south side of Perkins Avenue in Mt. Vernon, came to her work shortly before 7 a. m., June 25, 1936, as a guest in an automobile driven by another employee. This automobile was stopped on the north side of the street directly north of the factory, headed west. Plaintiff got out on the right side stepping onto the boulevard. She then went

east a short distance and turned to her right and stepped off the boulevard onto the street. She testified that as she took one step off the boulevard she looked to her left for the purpose of observing the traffic approaching from the east, that then she advanced another step and looked to her right to observe traffic approaching from the west and that as she did so the truck hit her. There is a conflict in the evidence as to the distance she had advanced from the north curb when struck. Plaintiff and her eyewitnesses fixing it at four or five feet while the truck driver and others fix it at or near the center of the street. The traveled part of the street was 24 feet wide. On the morning of this accident there were automobiles parked parallel with the curb on the south side of the street leaving about 18 feet for travel. There is evidence showing that the traffic at this point was unusually heavy at this hour. The left-front fender and bumper struck the plaintiff knocking her down and dragging her for a short distance. When the truck came to a stop the left-front wheel was on her foot. The truck was traveling about 15 miles per hour. The place where plaintiff was crossing was in the middle of the block and was not marked as a crosswalk.

Defendant refers to par. a, sec. 172, ch. 95½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 85.204], which provides "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." Defendant contends that plaintiff in crossing the street at this point was violating this provision and that therefore as a matter of law she is guilty of contributory negligence.

Paragraphs b and c of the same section prescribe rules for pedestrians crossing roadways which have no application in this case. Paragraph d provides "Not-

withstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.''

In view of the conflict in the evidence as to the distance plaintiff had advanced into the street when she was struck we are of the opinion that the question of her negligence being a contributing cause to the injury was a question of fact for the jury. If at the time she was hit she was only four or five feet from the north curb line then she was in that part of the street where westbound traffic was required to travel. She testifies she made observation for traffic and that no car was approaching from the east. She had a right to assume that the traffic coming from the west going east would be on the south side of the street and we do not believe that the statute imposed the duty upon her to yield a right of way to traffic going in an easterly direction when she was still in that part of the street where the westbound traffic was required to travel. Under plaintiff's evidence it is apparent that if the truck had been traveling on its proper side of the street plaintiff looked in ample time to have enabled her to have yielded the right of way.

The question of due care on the part of the plaintiff is always a question of fact to be submitted to a jury whenever there is any evidence in the record which with any legitimate inference that may reasonably and legally be drawn therefrom tends to show the exercise of due care on the part of the deceased. *Blumb v. Getz,* 366 Ill. 273.

The question of contributory negligence was under the evidence in this case properly submitted to the jury.

Defendant Standerfer contends that there was error in the giving of plaintiff's Instruction No. 6 which told the jury that if they believed by the preponderance of the evidence that plaintiff had proven her case set forth in certain counts of the complaint they should allow her such damages as had been proven by a preponderance of evidence not to exceed $15,000. It is contended that the reference to the amount of the *ad damnum* was prejudicial. A similar instruction with a like objection was considered in *Central Ry. Co. v. Bannister*, 195 Ill. 48, 53 where it was said, "To our minds there is no objection whatever to an instruction for the plaintiff in an action at law because it refers to the amount sued for or limits the right of recovery to the amount claimed in the declaration, unless there is something in the instruction which tends to lead the jury to understand that they ought to or may allow the full amount so claimed, and we can perceive no valid objection to the second instruction in this regard." *Kellyville Coal Co. v. Strine*, 217 Ill. 516, 533.

Objection is also made to the giving of plaintiff's seventh instruction which told the jury that the rights of persons on foot and drivers of automobiles on the public highways are equal. That persons on foot on the public streets are required to use care, that they are entitled to cross the streets but that in so doing they must use due care for their own safety, that automobiles are permitted to be driven on the streets and the drivers shall use ordinary care for the safety of pedestrians. Those parts of the instruction which refer to the equality of rights of drivers of automobiles and pedestrians were under the evidence and the statutes referred to misleading but the main feature of the instruction was that both pedestrians and drivers should exercise due care. Furthermore defendant's given instruction sixteen contained practically the same elements as plaintiff's instruction seven. It told

the jury that the plaintiff was just as much in duty bound to exercise care to look out for the approaching truck as the truck driver was to avoid striking her. Defendant is in no position to complain of an instruction given for the plaintiff where one has been given at his request that contains the same vice that he complained of in plaintiff's instruction.

Objections are made as to other instructions but they are not subject to the criticism directed against them.

For the reasons assigned the judgment of the trial court is reversed as to the Mount Vernon Home Oil and affirmed as to the defendant, Lester Standerfer.

*Affirmed in part and reversed in part.*