James B. McNally, Appellee, v. Chauncy Body Corporation, Appellant.

Gen. No. 41,667.

Heard in the second division of this court for the first district at the April term, 1941. Opinion filed June 19, 1942.

A. H. BROWN, of Chicago, for appellant.

NASH, AHERN, McDERMOTT & McNALLY, of Chicago, for appellee; MARTIN J. McNALLY, of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action by plaintiff, James B. McNally, against defendant, Chauncy Body Corporation, for damages for injuries to plaintiff alleged to have been caused by the negligent operation of an automobile by an employee of defendant. Pursuant to the verdict of the jury finding defendant guilty and assessing plaintiff's damages at $1,825, the trial court entered judgment for said amount against the defendant. The latter appeals.

Defendant's principal contention is that plaintiff was guilty of contributory negligence as a matter of law and that the trial court should have directed the jury to find the defendant not guilty. In its brief defendant asserts that "plaintiff's own negligence was the cause of the accident and he is not entitled to recover any damages." It has been repeatedly held that before contributory negligence can be said to have been established as a matter of law the conduct of the injured party must have been so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent (*Illinois Cent. R. Co. v. Anderson*, 184 Ill. 294; *Lake Shore & M. S. Ry. Co. v. Johnsen*, 135 Ill. 641; *Chicago & E. I. R. Co. v. O'Connor*, 119 Ill. 586). Unless there was no evidence presented which showed or from which it could be fairly inferred that plaintiff was in the exercise of reasonable care for his own safety at and immediately prior to the time of the accident, the question of contributory negligence was one of fact for the jury to determine. (*Chicago City Ry. Co. v. Nelson*, 215 Ill. 436; *Lake Shore & M. S. Ry. Co. v. Ouska*, 151 Ill. 232.)

Plaintiff's theory of fact is as follows: He was the manager of a building in which the steam plant failed to function properly on the morning of January 28, 1936. He telephoned Joseph Brady, a steam heating contractor, and arranged to pick the latter up at his home in an apartment building at 348 W. 74th street. When McNally arrived in his automobile at the contractor's place of residence, he found another car parked in front of the sidewalk leading from the curb to the entrance at the aforesaid address and he parked his car directly behind said car with the right wheels of his automobile immediately against the north curb of 74th street. Plaintiff blew his horn a few times to let Brady know that he had arrived. When Brady did not respond to the horn plaintiff alighted from

his car on the south or street side thereof with the
intention of going around the front of his car and us-
ing the walk that led from the curb into the building
entrance and ringing Brady's bell. McNally did not
get out of his car on the north or curb side thereof
because there was snow and ice "piled up" on and
along the curb and the parkway. 74th street was icy
and slippery that morning. Before plaintiff alighted
from his car he looked through his rear view mirror
to the east and saw that there was no traffic coming
from that direction and then he looked to the west
and saw a car some distance away traveling east on
the south half of 74th street, where it belonged. This
car was driven by the son of the president of the
defendant company and it was leading the way for a
second car which was driven by an employee of de-
fendant and which was being taken to defendant's
place of business for repairs. It was this second car
that was involved in the accident. McNally looked
to the west as he alighted from his car, but he did
not see the second car either while he was sitting
in the driver's seat of his own car before he alighted
or while he was alighting, because said second car
was directly behind defendant's first car and only a
short distance therefrom, and was also traveling east
on the south side of the street, where it belonged.
After McNally alighted and was standing on the street
immediately to the south of his car with part of his
body touching same, defendant's first car passed him
at a safe distance. Then, for the first time, he no-
ticed the second car which was then about ten feet
to the west and skidding toward him with the front
end thereof at about the center of the street and its
rear end swinging in a northwesterly direction. Ac-
cording to plaintiff this car was approaching him at
a speed of 30 miles an hour and before he had a
chance to get out of its way or to do anything to avoid
being struck by it, the rear end of that car struck his

legs and the south side of his car. He was caught in a wedge between that car and his own and he and his car were dragged a distance of about 20 feet to the east. He remained upright for a part of that distance and then fell and was dragged on the ground.

The evidence in the record clearly supports plaintiff's theory of fact and warranted the jury in finding the defendant guilty of the negligence charged and that plaintiff was not guilty of contributory negligence.

Defendant makes this statement in his brief: ''The plaintiff was guilty of negligence when he put himself into a place of danger as he stepped from his automobile on the left side, into the street, instead of getting out on the right side and onto the curb, for according to his own testimony there was nothing to prevent him from getting out on the curb side. Plaintiff had stopped his automobile next to and parallel with the curb, and the right side wheels of his automobile were up against the curb. Plaintiff was guilty of further negligence in failing to look for vehicles approaching and traveling along the street from the west, since if he did look and failed to see defendant's automobile approaching from the west, he was not in the exercise of due care and caution for his own safety as he had an unobstructed view of the street two or three blocks west and in broad daylight.''

It will be noted that defendant states that plaintiff could have avoided the accident if he got out of the right side of his car onto the curb and that there was nothing to prevent him from so doing. Plaintiff testified that the reason he did not alight from the right side of his car was that there was snow and ice ''piled up'' on and around the curb and the parkway. Defendant concedes in his brief that ''the streets belonged to the people and of course plaintiff had the right to step into the street, but in doing so it was his duty to exercise due care and caution for his own

safety.'' In *Goff v. College Hill Borough,* 299 Pa. St. 343, the plaintiff therein was injured by a truck which approached and passed his car from the rear and which was traveling on the side of the street where it belonged. The plaintiff was held to have been guilty of contributory negligence under the facts in that case. The court said at page 346:

''We do not doubt his right to alight from his car into the street, but before doing so it was his duty to look for approaching vehicles. Here, plaintiff could have seen the near approach of the large truck coming along so close as to clear his car by only two feet, and stepping down so near in its path was negligence.''

It is uncontroverted that plaintiff looked to the east before he got out of his car and saw that there were no vehicles coming from that direction. But defendant strenuously insists that there is no evidence in the record that plaintiff looked to the west before he got out of his car and that if he had so looked he would have seen the danger and been able to avoid it by remaining in his car. Defendant's position in this regard is untenable. There is evidence in the record that plaintiff did look to the west, as well as to the east, before he got out of his car. McNally testified: ''I looked in the rear view mirror and nothing was coming from the east. I saw the car driven by Chauncy but he was on the other side of the road.'' Chauncy was the driver of the first of the two cars coming from the west and if, as plaintiff stated, he saw the car driven by Chauncy approaching from the west on the south half of the street, McNally must have looked in that direction before he got out of his car. Plaintiff continued to look to the west as he was alighting from his car and he testified that he did not see the second car approaching from the west until just before it struck him, because it was immediately behind the first car and traveling directly in its path.

Defendant seems to overlook the fact that there was

no danger for plaintiff to apprehend as the two cars approached from the west on the south half of the street and it is conceded by defendant that that is where they were traveling. According to the testimony 74th street was from 30 to 40 feet wide. Therefore the distance from the center of the street to the north curb was from 15 to 20 feet. Plaintiff's car extended south from the north curb about 6 feet and after he had alighted his body extended about 2 feet further south, leaving a distance between him and the center of the street of from 7 to 12 feet as he stood beside his car. Under the facts and circumstances in evidence, even though plaintiff had not looked to the west before getting out of his car, he had a right to assume that traffic coming from that direction would be and continue on the south side of the street. (*Jones v. Standerfer,* 296 Ill. App. 145.) Plaintiff did not place himself in or near the path of the car which struck him but was where he had a right to be. The first car coming from the west kept to the path it had been traveling and passed plaintiff at a safe distance, and as he stood beside his car the second car would likewise have passed him safely if it had continued to travel in the same path as the first car. However, the driver of the second car, while still on the south half of the street and when he was just a short distance west of where plaintiff was standing, carelessly and negligently applied his brakes with full knowledge that the street was icy and slippery and caused the rear end of his car to skid over onto the north half of the street, where it struck and injured plaintiff. Stevenson, the driver of the second car, testified that when he was "possibly ten or fifteen feet" away he first saw McNally standing beside his car and that "I can't tell you exactly where he came from, but he appeared right there beside the car and my feet touched the brake and that was too bad. My hind end slipped off the street."

Not only did the evidence show that plaintiff was not guilty of contributory negligence as a matter of law but it clearly and conclusively shows that he was in the exercise of due care and caution for his own safety at and immediately prior to the time he was injured and that the sole cause of the accident was the negligence of defendant's driver.

Defendant contends that the trial court erred in admitting in evidence certain photographs of plaintiff's leg as it appeared about two months after the accident. It urges that these photographs "tended to prejudice the jury" and "also had a bearing on the excessive verdict." As heretofore shown the verdict was for $1,825 and we think under the evidence as to the nature and extent of plaintiff's injuries that amount was not excessive. The amount of damages awarded plaintiff certainly does not reflect sympathy or prejudice in view of the undisputed evidence that plaintiff was hospitalized 19 days; that he underwent two operations to drain the poison from the primary and secondary abscesses which developed as a result of his injuries; that he ran a high fever continuously for three weeks; that he suffered such severe pain that it was necessary to give him frequent injections of morphine; that he lost 50 pounds of weight and was confined to his home and in the hospital for a total period of two months and was not able to attend to his business regularly until more than four months after the accident; and that his medical and hospital expenses amounted to $320.48.

Defendant's contention that the trial court improperly admitted in evidence the photographs offered by plaintiff is without merit. Passing upon the admissibility of similar photographs in *People's Gas Light & Coke Co. v. Amphlett*, 93 Ill. App. 194, the court said at page 205: "Complaint is made of the admission in evidence of photographs of appellee, taken soon after the injury, and shown by testimony to be correct

representations of him as he appeared. We are of opinion that the evidence was competent. If the photographs showed the condition or appearance of appellee as it actually was, then the fact that such condition or appearance was calculated to awaken sympathy in the minds of the jury does not render the evidence incompetent. The test is the correctness of the photographs, and they were shown to be correct." In *Hoyt v. Chicago City Ry. Co.*, 166 Ill. App. 361, this court said at page 365: "We conceive of no reason why a photograph shown by the evidence to be a correct representation of a person, at a time when the issues in the case render proof of the personal appearance of such person necessary or competent, may not be introduced in evidence as properly as a photograph of a locality or of any inanimate object."

Defendant contends that the court erred in giving to the jury four of the instructions requested by plaintiff. It would serve no useful purpose to quote these instructions and discuss them at length since they are all based upon facts in evidence and correctly state principles of law applicable to such facts.

Defendant finally contends that the trial court erred in refusing to give to the jury the following instruction tendered by it:

"If you believe from the evidence under the instructions of the court, that ordinary care on the part of the plaintiff for his own safety, required him to look for the purpose of ascertaining whether an automobile was approaching upon said 74th Street, before stepping from his automobile, and if you further believe from the evidence under the instructions of the court, that the plaintiff, if he had looked, could by the exercise of ordinary care have seen the automobile approaching upon said street in time to have avoided injury by the exercise of ordinary care for his own safety, and if you further believe from the evidence that the plaintiff did look and ascertain the approach

of said automobile of the defendant and that he continued to alight from his said automobile at the time and place in question without having done anything in the exercise of due care and caution for his own safety, if you believe he did do so, and if you believe that such failure to do anything for his own safety under all the facts and circumstances as you find them from the evidence, under the instructions of the court, was negligence on his part and that he was struck and injured because of said negligence, then the plaintiff cannot recover in this action.''

This instruction was properly refused. It is not only misleading and confusing, but it does not properly state the law applicable to the facts of this case. We have heretofore pointed out that plaintiff did look to the west before he got out of his car and while he was alighting therefrom and there is no evidence in the record to the contrary. Whether he looked to the west or did not look in that direction before he got out of his car was immaterial under the facts and circumstances of this case. Before he alighted from his car there was nothing to be seen to the west that would warn him of danger because it is undisputed that both of the cars which were approaching from that direction were on the south half of the street, where they belonged, and had plenty of room to safely pass plaintiff who was standing in the street beside his car, where he had a right to be. As heretofore stated the first car did pass him safely but the second car did not because of the negligence of its driver. It must be remembered that there was no fact or circumstance in connection with this occurrence which indicated any possibility of danger until after plaintiff had alighted and was standing beside his car at least seven feet north of the center line of 74th street.

Defendant's driver was not confronted at any time with a sudden emergency because plaintiff was not in or near the path of his car and he had plenty of

room to pass in safety if he had acted as an ordinarily careful and prudent man would have acted under the circumstances. It was plaintiff rather who was confronted with the sudden emergency because of the negligence of defendant's driver. McNally was not afforded an opportunity in the exercise of ordinary care to avoid the danger with which he was confronted almost instantaneously.

For the reasons stated herein the judgment of the circuit court should be and it is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.