Edward Haynes and Clemma Haynes, Appellants, v. Bob Holman, Trading as Holman Motor Sales, and George Coleman, Appellees.

John W. Clark, Jr. et al., Appellants, v. Bob Holman, Trading as Bob Holman Motor Sales, and George L. Coleman, Appellees.

Opinion filed June 1, 1943.

L. P. Harriss, of Du Quoin, Isaac K. Levy, of Murphysboro, and CLYDE A. WHITESIDE and H. N. FINNEY, both of Harrisburg, for appellants.

W. C. KANE and JOHN R. KANE, both of Harrisburg, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from that part of a judgment of the circuit court of Saline county, in which the trial court sustained a motion made on behalf of appellee, Bob Holman (hereinafter called defendant Holman), for judgment notwithstanding the verdict. The only error assigned on appeal is, substantially, that the court below erred in allowing such motion as to defendant Holman.

The appellants, Edward Haynes and Clemma Haynes, and the appellants, John W. Clark, Jr., John H. Clark, Emily Clark and Mary K. Mugge (hereinafter called plaintiffs) were plaintiffs in two separate cases as against the same defendants, the cases having been consolidated for trial and growing out of the same accident. The plaintiffs were occupants of the same automobile.

The complaints in each of the cases charged that the defendant Holman (who resided in Saline county, and was doing business as the Bob Holman Motor Sales), on December 25, 1940 owned a certain Ford automobile which the defendant Holman, by his agent and servant, the defendant George L. Coleman, was driving and operating upon a highway near the Village of Gossett, in White county; and that the plaintiff John W. Clark, Jr., was driving a Chevrolet automobile in a northerly direction on such highway (the other plaintiffs being passengers in such automobile). For the purposes of this opinion it is unnecessary to consider

the allegations and the proof relating to negligence on part of the defendant Coleman. The defendant Holman filed a separate answer to each of the complaints, denying the ownership of the Ford automobile and denying that the defendant Coleman was his agent and servant at the time referred to. The case was tried before a jury and a verdict was returned in favor of plaintiffs, and as against both defendants, Holman and Coleman. (Plaintiffs were found not guilty by the jury on the counterclaim filed by the defendant Coleman.) The only motion filed by either defendant, after the verdicts of the jury, was that filed by the defendant Holman, asking for a judgment notwithstanding the verdict of the jury in favor of defendant Holman (although motions for directed verdicts were made prior to the submission of the case to the jury). The trial court allowed the motion for judgment notwithstanding the verdict as to the defendant Holman, and the only question presented on this appeal is whether the trial court erred in entering judgment in favor of defendant Holman, notwithstanding the verdict of the jury.

Under the issues presented in this court, the only question for determination on appeal is whether there is any evidence in the record, fairly tending to prove that the defendant George L. Coleman was, at the time and place of the accident, acting as agent for the defendant Holman, and whether the defendant Coleman was, at the time and place in question, acting within the scope of his employment.

It was disclosed by the evidence that the automobile which was being driven by the defendant Coleman, was purchased by him from the defendant Holman on a conditional sales contract, executed December 24, 1940, which contract bore an assignment to a finance company. The automobile, at the time of the collision, carried on it the dealer's license plates of the defendant Holman's motor sales business. It was shown

that the defendant Coleman had been selling automobiles on a commission basis for the defendant Holman (who was engaged in motor sales and service business), for approximately a year and a half prior to December 25, 1940. It was also shown that defendant Coleman sold automobiles for other unspecified people. The defendant Holman did not direct where Coleman should work each day, nor submit to Coleman the names of prospective purchasers, or require that Coleman report at his place of business at certain regular hours, nor did he give Coleman directions of any kind as to where he was to go each day. Coleman sold nothing for the defendant Holman, except automobiles, and received no pay other than commissions on sales of automobiles.

On Christmas Day of 1940, the day on which the collision occurred, the place of business of the defendant Holman was closed and the defendant Holman was out of the State and did not know where the defendant Coleman was on that day. It was shown by the evidence that a few days prior to December 25, 1940, a certain Kenneth Gossett had asked the defendant Coleman, in Norris City, if Coleman would bring a water pump for Gossett's 1939 Ford truck the next time he came to Norris City. On the morning of December 25, 1940, Gossett saw the defendant Coleman in Norris City and asked him if he had brought the water pump. Coleman replied that he had forgotten to bring the pump and asked Gossett to go along with him to get the pump. Gossett testified that defendant Coleman had stated that he had come to Norris City on Christmas Day to sell a car to a Kenneth Cole, who was not with him and whom he did not find in Norris City. A Mr. Yates, who was with Gossett, was asked by defendant Coleman, "How about taking a ride? I am driving a new 1941 car. Would you like to see how it runs, how it rides?" There was no showing in the record that Yates was a prospective purchaser, or that

any attempt was being made to sell Yates an automobile. Both Gossett and Yates got into Coleman's car and they started for Eldorado (the place of business of defendant Holman) to get the water pump. (There is some evidence that defendant Coleman stopped on the way and that a Mr. Henson had given defendant Coleman some names of prospective purchasers of automobiles.) Afterwards, while defendant Coleman was driving to Eldorado for the purpose of getting the water pump for the witness Gossett, accompanied by Gossett and Yates in his automobile, the accident involved in this proceeding occurred.

The evidence disclosed that Coleman was not employed by defendant Holman to sell automobile parts, and was not paid in any way for selling automobile parts, and that, in fact, defendant Coleman did not know anything about the parts store in the garage, and that when parts customers came to the garage Coleman did not wait on them and that such customers were taken care of by another employee known as a "parts man." Defendant Coleman had a key to the garage, but did not have a key to the parts room. The evidence does not disclose where the water pump was located, whether it could have been found in the garage away from the parts room, or whether the water pump was in a bin outside the parts room. The defendant Holman who was the only one to testify as to this matter, indicated that the water pumps were kept in the parts room, but that he could not be certain about this.

It is the contention of the plaintiffs that the trial court invaded the province of the jury in sustaining the motion of defendant Holman for judgment notwithstanding the verdict, for the reason that the evidence tended to show that Coleman was the agent for Holman, and that he was acting within the scope of his employment at the time in question. The only evidence on the question of agency has been outlined briefly in the statement of facts heretofore set forth. It appears from such statement of facts that Coleman

was driving his own car. He was employed to sell automobiles on a commission basis for Holman, as well as for others. At the time of the collision it is apparent that Coleman was taking Gossett to get a water pump for the Gossett car, as the result of a request which Gossett had made of Coleman. Coleman was not employed by defendant Holman to sell automobile parts and did not function as to such matters on behalf of defendant Holman, as indicated in the statement of facts set forth herein.

Where there is evidence, direct or circumstantial, which tends to show that an agent is acting within the scope of his authority, the questions as to the nature and extent of the agent's authority and whether the particular act in controversy was within the scope of his authority, are usually questions of fact for a jury. On a motion for judgment notwithstanding the verdict, the question before the court in a case such as is here presented on appeal, is whether there is any evidence in the record which fairly tends to prove that the person, who is asserted to be the agent, was in fact an agent and was acting within the scope of his agency at the time of the accident in question. If there is a failure of such proof, the court should direct a verdict upon motion, or allow a motion notwithstanding the verdict if such motion is made after a verdict of the jury has been returned. In the instant case, we believe it was proper for the court to allow the motion for judgment notwithstanding the verdict as to defendant Holman.

The relationship of principal and agent ordinarily cannot be established by statements of the agent, made outside of the presence of the principal (*Kusek v. Allied Packers, Inc.*, 246 Ill. App. 209), and the burden is on the plaintiff to show the agency (*Schmidt v. Shaver*, 196 Ill. 108, 115).

We need not determine whether or not defendant Coleman was an independent contractor since, under the facts in the record, there appears to be no evidence

which would have justified the court below in denying the motion for judgment notwithstanding the verdict since there was no showing that at the time and place of the accident, defendant Coleman was acting within the scope of any employment which he had with defendant Holman. As stated in the case of *Jones v. Standerfer*, 296 Ill. App. 145, at page 150, ". . . it is necessary to show that the relation of master and servant, or principal and agent, exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and with respect to the particular transaction out of which the injury arose (*Mosby v. Kimball*, 345 Ill. 420, 427)."

In the case of *Burster v. National Refining Co.*, 274 Ill. App. 104, the direction of a verdict for an employer where a salesman, at the time of the accident, was not driving the automobile under control of his employer, but was then returning from a salesmen's meeting and was using his own discretion as to how he should travel, was held proper by the Appellate Court.

In the light of these, and other applicable authorities, it cannot be said that the defendant Coleman was acting within the scope of any employment which he may have had with the defendant Holman. Under the evidence in the record before us in the instant case, he was not then engaged in any activity relating to his particular employment of selling automobiles, but was apparently simply taking the witness Gossett and his companion to Eldorado for the purpose of obtaining a water pump as a courtesy to Gossett, and apparently not in any manner in furtherance of his duties or employment in connection with the sales of automobiles for defendant Holman. Defendant Coleman was not employed for that purpose and was not paid for such purpose. When an employee acts outside of the scope of his employment he can become as much a stranger to his master as any third

person, and an act of a servant not done within the scope of the employment for which he was engaged, cannot be regarded as an act of the master so as to impose liability on the master for the consequences thereof (*Johanson v. William Johnston Printing Co.,* 263 Ill. 236).

We are, therefore, of the opinion that the trial court did not err in entering judgment notwithstanding the verdict as to the judgment against the defendant Holman. There has been no appeal from the judgment against the defendant Coleman. The judgment of the trial court will, therefore, be affirmed.

*Judgment affirmed.*