Lee Becker et al., Appellants, v. Bernard C. Brummel et al., Copartners Trading as Brummel Motors, Appellees.

Gen. No. 42,522.

Opinion filed June 21, 1943. Rehearing denied July 6, 1943.

McKINLEY & PRICE and JOSEPH ROZEN, all of Chicago, and GUY C. GUERINE, of Melrose Park, for appellants; PAUL E. PRICE, of Chicago, and GUY C. GUERINE, of Melrose Park, of counsel.

BURT A. CROWE, of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought suit against defendants to recover damages for personal injuries claimed to have been sustained by them on account of the negligence of one of defendants' employees in driving an automobile. The case went to trial before a jury and at the close of plaintiffs' evidence the court directed a verdict for defendants and plaintiffs appeal.

The record discloses that on Sunday afternoon, November 19, 1939, plaintiff, Dave Becker, was driving a new truck easterly on Ogden avenue, near Naperville,

Illinois. His wife and children, the other plaintiffs, were with him in the truck. Bernard Schwartz, claimed to be employed by defendants, was driving an automobile owned by defendants, in the opposite direction on Ogden avenue. It collided with a car ahead of plaintiffs' truck and then struck plaintiffs' truck causing injury to plaintiffs.

There seems to be no contention that the collision and the resulting injury to plaintiffs was not caused solely by the negligence of Schwartz, and the only argument is as to whether Schwartz, at the time, was the agent or servant of defendants.

The record discloses that defendants operated a Buick-Pontiac Agency in the Village of Naperville. Bernard Schwartz, the driver of the automobile involved in the collision, was employed by defendants as a salesman and had been so employed for a number of months to sell and demonstrate new and used cars. He had a key to defendants' place of business in Naperville but no set hours—he came and went as he saw fit. He had the right to enter defendants' salesroom and take out cars for demonstration with a view of selling them whenever he thought he had a prospect. Prior to the day in question he had sold a new Buick car for which the purchaser was to turn in his 1937 Oldsmobile sedan in part payment. On Sunday morning, November 19, 1939, Schwartz went to defendants' place of business for the purpose of seeing that the sale of the Buick car was consummated. That morning the purchaser turned in his Oldsmobile—the new Buick had been serviced that morning by Clifford Goehring, employed by defendants, and the purchaser drove away in the new Buick car. Shortly after this, Schwartz took the Oldsmobile, and he and Goehring, who had serviced the new Buick that morning, went to pick up a Mr. Reidy, a friend of theirs, who was then in Naperville, but who lived at Lisle, Ill., which was a few miles east of Naperville, on Og-

den avenue. Schwartz said he had a prospective customer. He drove the automobile with the other two men towards Lisle where he sought to locate the prospective customer, stopping at one or two places but did not find him. Reidy changed his clothes at his home in Lisle and the three then proceeded, Schwartz driving, to the Ogden Grill which was a tavern about a mile and a half east of Lisle, on Ogden avenue. The three stayed at this tavern for a couple of hours drinking beer and eating sandwiches. On the trial Goehring testified they also had whiskey to drink. About 2 o'clock in the afternoon the three men, Tom Knox and Mrs. Hengles, whom they met at the Ogden Grill, got into the Oldsmobile which was then driven by Schwartz westward on Ogden avenue towards Naperville.

The evidence further tends to show that Reidy, Knox and Mrs. Hengles were going to go to a church dinner which was being given that day somewhere near Lisle. Schwartz had left his automobile, as did Goehring, parked near defendants' garage and they were returning, Schwartz driving, to pick up these two cars when the collision occurred a short distance east of Naperville.

The only evidence offered by plaintiffs on the question of Schwartz's employment by defendants, his work as a salesman and where he was going after he left defendants' place of business, was the testimony of Frank J. Brummel, one of defendants, called under section 60 of the Practice Act [Jones Ill. Stats. Ann. 104.060], and Clifford Goehring, employed by defendants, who serviced the Buick car, as above stated. Why Schwartz or any or all of the persons in the Oldsmobile at the time of the collision were not called is a mystery which neither the record nor the briefs mention.

As we said in *Kavale v. Morton Salt Co.*, 242 Ill. App. 205: ''The rule of law that fixes liability on the

master for the acts of his servant is clear and well established—the master is not liable unless the servant was acting within the scope of his employment. But the difficult question to determine is whether the particular act for which liability is sought to be imposed was committed by the agent within the scope of his employment. This obviously can be determined by no fixed rule, but must be ascertained from the facts in each particular case. *Orr. v. Thompson Coal Co.*, 219 Ill. App. 116.'' This question of liability is discussed and a number of authorities cited by our Supreme Court in *Darner v. Colby*, 375 Ill. 558, and particularly the question whether the person who was claimed to be an agent was acting as such at the time or whether he was an independent contractor, as defendants contend in the instant case, the facts show that Schwartz was not in their employ but was an independent contractor.

Mr. Justice Stone in delivering the opinion in the *Darner* case said: ''The single question for determination here is whether Colby was, at the time of the accident, an employee or agent of the appellee company, or an independent contractor. . . . Whether it exists depends upon the contract between the parties and their relationship as shown by the evidence. Each case must depend upon its own facts. Generally, no one feature of the relation is determinative but all must be construed together. *Bristol & Gale Co. v. Ind. Comm.* 292 Ill. 16.'' In the *Darner* case the Appellate Court held defendant could not be held for the acts of Colby. The Supreme Court reversed the judgment of the Appellate Court holding that Colby was an employee of defendant and not an independent contractor and that he was acting within the scope of his employment at the time.

In the *Kavale* case we discussed *Moore v. Rosenmonde*, 238 N. Y. 358, quoting from the opinion which was delivered by Judge Pound. We there stated the facts of that case—pointing out that the chauffeur,

who was driving defendant's car at the time of the accident, deviated from his work, driving around New York City and getting drunk at different places—and held that the inferences to be drawn as to whether defendant was liable for the acts of the chauffeur were for the jury and not for the court; that as the court said, although the chauffeur "was serving defendant badly, defendant was liable." The judgment of this court in the *Kavale* case was affirmed by the Supreme Court, 329 Ill. 445.

The question whether defendants were liable for the acts of Schwartz is very difficult but we have reached the conclusion that it was for the jury to determine in the first instance and not for the court. Schwartz had been employed by defendants as a salesman for a number of months; he had a key to the garage; he was to sell new and second-hand automobiles, take them out for demonstration or for sale when he thought he had a prospect. He had sold the new Buick and taken the Oldsmobile in the deal. On the morning in question he drove the Oldsmobile from defendants' garage partly with a view of Goehring and himself going to the Ogden Grill for pleasure and partly to see if he could obtain a purchaser for the automobile and after Schwartz and Goehring had spent an hour or two at the Grill for their own pleasure, they were returning to the garage at Naperville so that they could each pick up his car which had been left parked near defendants' garage. Whether Schwartz was on a frolic of his own at and before the time of the collision, as defendants contend, or whether he was at least in part performing services for defendants in endeavoring to sell the automobile, we think, was for the jury. Sec. 236, Restatement of the Law, Agency; § 63, Prosser on Torts, p. 473–477.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

Matchett, P. J., concurs.