(No. 43991.—)

PENELOPE A. GOMIEN, Appellant, v. WEAR-EVER ALUMINUM, INC. *et al.*—(Wear-Ever Aluminum, Inc., Appellee.)

*Opinion filed November 30, 1971.*

RYAN, J., took no part.

THOMSON, THOMSON & MIRZA, of Bloomington, (JEROME MIRZA, of counsel,) for appellant.

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (WILLIAM J. VOEKLER, JR., and DUNCAN B. COOPER, III, of counsel,) for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This appeal raises the threshold issue of whether the motion of Wear-Ever Aluminum, Inc. to dismiss count II of the complaint was properly granted, and the further issue of when the owner of a business who enters into a contract with an independent contractor, is subject to liability for physical harm to third parties caused by failure to exercise reasonable care in contracting for services.

Count II of plaintiff's amended complaint was dismissed by the circuit court of Peoria County upon the

motion of defendant Wear-Ever, and the order of dismissal contained a finding that there was no just reason for delaying an appeal. Upon appeal, the appellate court affirmed the judgment of the trial court (264 N.E.2d 511). We granted leave to appeal.

Count II of the plaintiff's amended complaint, in pertinent summary, stated: that Wear-Ever entered into an agreement with Charles A. Twing under which he was retained as a distributor to solicit customers for and to sell the products of Wear-Ever; that Wear-Ever knew that Twing must operate an automobile in order to perform his obligations under the agreement, and, as a consequence, Wear-Ever had a duty to persons using the highways to exercise reasonable care in the selection of its distributors; that Twing "had a record as a habitually negligent driver, having committed numerous traffic violations, and having been involved in motor vehicle accidents"; that Wear-Ever violated its duty to the plaintiff by entering into such agreement with Twing when it knew, or should have known, that he was a habitually negligent and inattentive driver; that while Twing was operating his automobile for the solicitation of sales of Wear-Ever, he negligently committed certain specified acts of negligence, and as a result of such negligence, his automobile collided with the plaintiff's automobile and injured her; and that the plaintiff's injuries were caused as a result of Twing's negligent driving.

The plaintiff relies heavily upon *Tansey v. Robinson, 24 Ill.App.2d 227.* In *Tansey,* the plaintiff was injured while seated in her parked car, which was struck from the rear. The truck which struck her car was being driven by Robinson, who had been engaged to deliver groceries for the Great Atlantic and Pacific Tea Company (A. & P.). The plaintiff charged that the driver of the truck had been a habitually negligent driver; that he had been operating his truck in violation of the Illinois Safety Responsibility Act; that his driver's license had been revoked; that he had no

Illinois Commerce Commission certificate; that A. & P. knew, or should have known this when it entered into a contract with him; that A. & P. failed to use ordinary care in Robinson's selection and that by virtue of such negligence, the plaintiff was injured. A. & P. filed a motion for summary judgment, supported by affidavit, which averred that Robinson was an independent contractor using his own trucks and hiring his own delivery boys, and that A. & P. did not know of Robinson's alleged traffic violations and defalcations. The plaintiff filed counter-affidavits. The summary judgment was granted in favor of A. & P. by the trial court. On appeal, the appellate court reversed the trial court and held that a question of fact had been created by the affidavits and counteraffidavits which had been filed concerning the actual relationship between the parties; that the question of whether the relationship was that of employer-employee, principal and agent, or owner and independent contractor, could not be deter-mined as a question of law under the allegations of the pleadings; and that even though Robinson may have been an independent contractor, questions of fact had been raised from which the trier of facts could have determined that A. & P. was negligent in selecting Robinson as an independent contractor. The court cited section 411, Restatement, Torts, Comment c, 1110–1112 (1934).

Generally, it is the law that a master is liable for the acts of his servant committed within the scope of his employment; that a principal is liable for the acts of his agent performed within the scope of the agency; but neither is liable for the acts of an independent contractor unless the act or omission causing harm was pursuant to the order or direction of the principal or employer, or unless under certain circumstances, the principal or employer failed to exercise reasonable care in selecting a careful and competent contractor.

The motion of Wear-Ever to dismiss count II of the complaint was filed pursuant to section 45 of the Civil

Practice Act. (Ill.Rev.Stat. 1969, ch. 110, par. 45.) It alleged that the count failed to state a cause of action against Wear-Ever; that it failed to state facts from which an inference arose that Wear-Ever violated any duty toward the plaintiff; that the plaintiff attempted to charge Wear-Ever with a duty greater than that imposed by law; and that by the allegations of count II, the plaintiff admitted that there was no master and servant relationship between Twing and Wear-Ever.

Wear-Ever's motion, for its purposes, admitted as true all well pleaded facts and reasonable inferences drawn therefrom. *People ex rel. Phelps v. Kerstein, 413 Ill. 333, 335; Pease v. Kendall, 391 Ill. 193, 198.*

Thus, the motion admitted the well pleaded facts heretofore set forth and the reasonable inferences drawn therefrom.

Upon the assumption that count II was predicated upon an independent contractor relationship, the appellate court cited section 411, page 376, of the Restatement of the Law on Torts, Second, which provides:

"Negligence in Selection of Contractor.

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons."

Under this section there is a discussion of the extent of the rule, and the following illustrations are given at page 378:

"3. The omnibus with which A, the owner of a hotel, conveys his guests from the

railway station to the hotel, is damaged in a collision. A contracts with B, the owner of a garage, to carry A's guests in B's bus. A knows that C, the only driver who is available for this service, has only driven a car for a few days. While driving some of A's guests from the station, C mistakes the accelerator for the brake, which causes a collision between the bus and an automobile in which D is driving. A is subject to liability to D and his guests in the bus for any harm caused by the unskillfullness of C.

"4. The same facts, as in Illustration 3 except that the collision results solely from the fact that C, instead of looking where he is going, is talking to one of the passengers while approaching a street intersection. A is not liable to D unless he knew or should have known that C was careless and inattentive."

The illustrations pinpoint the varying types of negligence which in turn give rise to liability or exoneration.

At page 514 of the appellate court decision (264 N.E.2d 511), it is stated: "*** Count II of the amended complaint alleged that Twing was retained as a distributor to solicit customers and to sell the products of the defendant, Wear-Ever. Although Count II alleges that at the time of the accident Twing was operating his motor vehicle for the purpose of sales and soliciting sales for the benefit of Wear-Ever's business, quite obviously he was not directly performing the work for which he was engaged. The accident happened while Twing was driving a motor vehicle on the highway not while he was soliciting customers for or selling the products of the defendant, Wear-Ever."

The allegations that Twing, at the time of the accident was operating his motor vehicle for the purpose of sales

and soliciting sales for the benefit of Wear-Ever's business cannot be sloughed off. Under this state of the pleadings, the operation of the automobile by Twing was not an act collateral to the performance of the work for which he was engaged. It was part of the conduct directly involved in the performance of the work contracted for.

For the foregoing reasons, the judgment of the appellate and circuit courts is reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*