INSURANCE COMPANY OF NORTH AMERICA, as Subrogee of THE BOEING COMPANY *et al.*, Plaintiffs-Appellants; *v.* HEWITT-ROBBINS, INC. *et al.*, Defendants-Appellees.

(No. 57704;

First District (5th Division)—July 27, 1973.

· Daniel J. Leahy, of Chicago, for appellants.

· Thomas D. Allen and David L. Schiavone, both of Chicago, for appellees. -

Mr. JUSTICE LORENZ delivered the opinion of the court:

On July 2, 1967, a tractor trailer transporting equipment and aircraft parts owned by the Boeing Company was struck by an automobile traveling in the wrong direction on the Indiana Turnpike. The automobile was owned by Avis Rent-A-Car System, Inc. and driven by Euties Wilson, an employee of Avis. This action was brought by Boeing and its insurer, Insurance Company of North America, as subrogee to recover damages from Avis and three other named defendants. The trial court granted summary judgment in favor of Avis and found that no just reason for delay in an appeal existed.

The pleadings filed by both parties are in agreement that on July 2, 1967, during a personal trip, Wilson caused the accident in question by negligently driving in the wrong direction on the Indiana Turnpike. Plaintiffs allege in paragraph 13 of Count VIII of their amended complaint that Avis employed Wilson when it knew or should have known that his driving license was revoked, that he had a poor driving record, and that he was a person of intemperate habits and in poor health.

Avis alleged in its answer that Wilson's position with Avis was that of a car hiker and as such he did not have the authority to drive Avis' vehicles outside of the O'Hare airport complex where he worked, except with the express written permission of the company's district manager. On July 1, 1967, Wilson, without procuring formal permission, took a car from Avis for his own personal use.

In the petition for rehearing following the granting of the summary judgment, plaintiffs alleged that Fred Regan, Avis' foreman, knew that Wilson lacked a valid driver's license at the time of hiring; that Wilson often drank acohlolic beverages while on the job; that Wilson and other employees often took cars for their own personal use; and that Avis carelessly left authorization slips around that could be used by employees to show authority to take an automobile.

The court denied plaintiffs' motion for a rehearing and they took this appeal presenting the sole issue of whether defendant Avis was not negligent, as a matter of law, regarding the allegations brought against it by plaintiffs in paragraph 13 in Count VIII of the amended complaint.

*OPINION*

■■ Both parties agree that Wilson was not an independent contractor but that a master-servant relationship between Wilson and Avis existed. The doctrine of respondeat superior is applicable only when the employee is acting within the scope of his employment. (*Brill v. Davajon* (1964), 51 Ill.App.2d 445, 201 N.E.2d 253; *Palmer v. Miller* (1942), 380 Ill. 256, 43 N.E.2d 973; *Haynes v. Holman* (1943), 319 Ill.App. 396, 49 N.E.2d 324; *Becker v. Brummel* (1943), 319 Ill.App. 499, 48 N.E.2d 419.) Since plaintiffs concede that Wilson was acting outside the scope of his employment, Avis is not liable under the normal rules of agency. Accordingly, plaintiffs rely on two negligence theories: that since Avis either knew or should have known that Wilson was an unsafe and unqualified driver, (1) Avis was negligent in hiring him, and (2) Avis was negligent in having procedures whereby Wilson gained easy access to the automobiles.

■■ Regarding plaintiffs' first contention, the so-called negligent hiring theory, other jurisdictions are in disagreement as to whether to recognize the theory (53 Am.Jur. Master-Servant, § 422 (1972)):

"The cases are in disagreement as to whether the negligence of an employer in selecting or retaining incompetent or unfit employees is an independent basis for his liability to a third person."

Plaintiffs cite no Illinois case nor could we find one which applies the negligent hiring theory to master-servant relationships. Plaintiffs instead rely on *Tansey v. Robinson* (1960), 24 Ill.App.2d 227, 164 N.E.2d 272, and *Gomien v. Wearever Aluminum, Inc.* (1971), 50 Ill.2d 19, 276 N.E. 2d 336, 339, both involving independent contractor relationships. Both cases apply the rule announced in Restatement of the Law on Torts, Second, § 411 at 376 (1934):

"Negligence in Selecting of Contractor.

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor * * *

(b) to perform any duty which the employer owes to third persons."

In *Gomien*, the court found at 50 Ill.2d 19, 24, 276 N.E.2d 336, 339, that "the operation of the automobile by Twing was not an act *collateral* to the performance of the work for which he was engaged." (Emphasis added.) Likewise in *Tansey*, since plaintiff was injured by a car driven by the contractor who at the time of the accident was delivering groceries purchased by customers of the defendant, the act causing the accident was not "collateral" to the performance of the contractor's work. Therefore, neither *Gomien* nor *Tansey* would justify this court's extending the negligent hiring theory to an employe engaged in a personal vacation trip at the time of the accident, clearly an act "collateral" to his employment. We hold that the trial court properly found Avis not liable, as a matter of law, for plaintiffs' injuries based on the negligent hiring theory.

■■ Plaintiffs' next contention is that Avis was negligent in having procedures whereby Wilson gained easy access to the automobiles. The portions of paragraph 13 in Count VIII of the amended complaint relevant to this contention are:

"f) failed to adequately guard and police its automobiles so as to prevent their unauthorized use;

g) failed to check and control its automobiles so as to determine that the automobile later used by Wilson at said time and place was missing;

h) knowingly permitted its employees to operate its automobiles for personal business;

i) knowingly permitted Wilson to operate Avis' automobiles on

company business when it knew or should have known that he was unreliable and careless."

Plaintiffs do not cite nor could we find a single case to support this theory of liability. We can see no reason to hold Avis liable for the negligent act of Wilson committed outside the scope of employment.

The judgment of the circuit court is affirmed.

Affirmed.

DRUCKER, P. J., and SULLIVAN, J., concur.