JAMES WAINRIGHT, Plaintiff-Appellant, *v.* SUE A. TRUCKENMILLER, Defendant-Appellee.

Second District    No. 79-480

Opinion filed June 3, 1981.

James M. O'Shaughnessy and Bernard J. Fagan, both of Naperville, for appellant.

John E. Norton, of O'Reilly & Cunningham, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, James Wainwright, brought suit in the circuit court of Du Page County to recover damages for injuries sustained when he was struck by an automobile driven by defendant, Sue A. Truckenmiller, as he was crossing North Street in Naperville, Illinois. He appeals from an order granting summary judgment to defendant on the ground that he was guilty of contributory negligence as a matter of law. Plaintiff contends that the trial court erred in failing to hear further argument on defendant's motion for summary judgment and in considering portions of deposition transcripts which were not part of defendant's motion; and that a triable issue of fact exists on the issue of contributory negligence precluding summary judgment.

Examination of the excerpts of depositions of the parties and witnesses which were submitted in support of defendant's motion reveals that the accident occurred on December 17, 1976, near the intersection of North and Brainard Streets in Naperville. North Street is a two-way residential street running east and west. Plaintiff estimated that North Street was 30 to 40 feet wide, and Officer Ralph Pepper of the Naperville Police Department stated that North Street was 18 feet wide; it appears to be undisputed that the width of the street would not permit passage of two cars side by side when another car is parked at a curb. On the day in question, plaintiff drove his newspaper van in an easterly direction and parked it on the north side of North Street. He exited the van and started to cross the street in front of it to deliver a newspaper to a man standing on the southwest corner of the intersection of North and Brainard Street. Plaintiff testified in his discovery deposition that he had taken no more than one or two steps past the front of his van when he was struck by defendant's car, which was traveling east on North Street. He stated that before entering the street he had checked for westbound traffic, then proceeded into the street in front of his van and was struck before he could check for eastbound traffic.

Earl D. Kemmerer, the customer to whom plaintiff was delivering the newspaper, testified in his discovery deposition that he had called to plaintiff to throw his newspaper to him. He stated that plaintiff ran to his

van to get a newspaper and then ran toward the front of his van and into the street. When asked if plaintiff ever turned to look towards the east before being struck by defendant's car he responded, "Not that I detected." Kemmerer also stated that plaintiff had taken one or two steps and was about 3½ to 4 feet from the side of his van when he was struck by defendant's vehicle. Officer Pepper, the investigating officer, testified in his discovery deposition that plaintiff told him that he was running across the street and that he failed to look for traffic. Plaintiff, however, testified that he was not running when he crossed the street and that he did not remember telling the officer that he ran into the street without looking.

Based upon the testimony of Mr. Kemmerer and Officer Pepper that plaintiff did not look for eastbound traffic prior to entering the street, defendant moved for summary judgment on the grounds that plaintiff was guilty of contributory negligence. The court heard arguments of counsel on the motion on May 18, at which time plaintiff argued only that the motion should be denied because it was untimely. The court overruled the objection and gave plaintiff until May 25 to file a written response to defendant's motion, if he wished to do so, and stated that a decision would be rendered shortly thereafter. Plaintiff filed his response on May 29 wherein he asserted that a question of fact existed as to whether he was contributorily negligent because he was only two feet from his van when he was hit and he did not have a duty to look for eastbound traffic until he reached the center of North Street. He also argued that had the defendant not driven her vehicle across the imaginary center line, he would have seen it in time to avoid the accident. During his deliberations the judge called for and received from defendant's counsel the complete depositions of the witnesses, but without notice to plaintiff.

■■ Plaintiff initially asserts that consideration by the court of the entire deposition transcripts, rather than the excerpts submitted by counsel in support of and in opposition to the motion, denied him a further hearing in which he could address those portions of the depositions which were not a part of defendant's motion. It does not appear, however, that this argument was raised at any time in the trial court. Under that circumstance, this contention is deemed to be waived and we will not consider it further. See *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 350 N.E.2d 242; *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 407 N.E.2d 1067.

Plaintiff next contends that the court erred in granting summary judgment as an issue of fact remained whether he was guilty of contributory negligence. In considering a motion for summary judgment, the court must consider the pleadings, depositions and admissions filed together with the affidavits, if any, submitted by the parties to determine whether a genuine issue as to any material fact remains outstanding; if not, then the court must decide if the moving party is entitled to judgment as a

matter of law. (*Glen Ellyn Savings & Loan Association v. State Bank of Geneva* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; Ill. Rev. Stat. 1979, ch. 110, par. 57.) It is axiomatic that the purpose of the summary judgment proceedings is not to try an issue of fact but to determine whether one exists. (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390; *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460.) The right to a summary judgment must be clear and without doubt before it may be granted (*Serowski v. Klapper* (1978), 65 Ill. App. 3d 238), and while a plaintiff need not prove the case in response to a defendant's motion for summary judgment, some factual basis must be presented which would arguably entitle plaintiff to judgment if established in trial. (See *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974.) If the pleadings, depositions, affidavits and other supporting documents filed in connection with the motion present a genuine issue as to any material fact, a motion for summary judgment should be denied. (*Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56.) Generally, whether a plaintiff is guilty of contributory negligence is a question of fact. Where, however, the record does not show any material issue of fact as to contributory negligence, summary judgment may be proper. *Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604.

Plaintiff contends that when the depositions are read in the light most favorable to him (see *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16), a question of fact exists whether he was contributorily negligent for not looking for eastbound traffic before stepping past his van. His argument is essentially that he could not reasonably be held to a duty to look for eastbound vehicles until he had passed the front of his truck and was about to enter the eastbound lane. He maintains that he was struck by defendant's automobile when he was only two feet from the side of his van, well within his half of the street and had defendant not driven her vehicle across the center line, he would have had time to turn and look and see her automobile in time to avoid the accident. In other words, plaintiff asserts that he had no duty to look for traffic approaching in the wrong lane and therefore he could not be guilty of contributory negligence.

Contributory negligence as a matter of law is found only where plaintiff's conduct is negligent and his negligence proximately causes the accident which gives rise to his injuries. (*Grass v. Hill* (1981), 94 Ill. App. 3d 709, 715, 418 N.E.2d 1133, 1138; *Spiron v. Spiron* (1974), 21 Ill. App. 3d 610, 615, 316 N.E.2d 265, 268.) The proximate cause of an injury is nearly always a jury question. Prosser, *Torts* §45, at 289 (4th Ed. 1971).

■■ We note that several questions of fact are not resolved by the record before us. There is conflicting evidence as to the width of the street, the distance plaintiff was from his van when struck, and whether plaintiff was

running as he crossed the street in front of his van. Also, there is no evidence as to whether defendant was driving in the right hand lane or had crossed the imaginary center line before striking plaintiff. Case law suggests that it is not necessarily negligent to fail to look for traffic approaching in the wrong lane. In *McNally v. Chauncy Body Corp.* (1942), 315 Ill. App. 190, 42 N.E.2d 853, plaintiff parked his car along a curb and exited the vehicle into the westbound lane of the two-lane street. He was struck by defendant's eastbound vehicle which veered into the westbound lane before hitting him. Defendant argued that plaintiff was guilty of contributory negligence as a matter of law because he failed to look to the west as well as to the east before leaving his car. The court rejected his argument, stating:

> "Under the facts and circumstances in evidence, even though plaintiff had not looked to the west before getting out of his car, he had a right to assume that traffic coming from that direction would be and continue on the south side of the street." (*McNally*, 315 Ill. App. 190, 196, 42 N.E.2d 853, 856.)

*McNally* cited *Jones v. Standerfer* (1938), 296 Ill. App. 145, 15 N.E.2d 924, which presented a similar situation. The court concluded:

> "Under plaintiff's evidence it is apparent that if the truck had been traveling on its proper side of the street plaintiff looked in ample time to have enabled her to have yielded the right of way." (*Jones*, 296 Ill. App. 145, 154, 15 N.E.2d 924, 928.)

*Jones* was also followed in *Williams v. Yellow Cab Co.* (1956), 11 Ill. App. 2d 112, 136 N.E.2d 582, where the court held:

> "Neither can we say that plaintiff was guilty of contributory negligence as a matter of law in failing to see what she was not bound to look for—eastbound traffic in the westbound half of the street." *Williams*, 11 Ill. App. 2d 112, 117, 136 N.E.2d 582, 585.

If a jury determined that plaintiff was struck while defendant was driving in the wrong lane and that plaintiff would have been able to avoid the accident if defendant was driving in the correct lane, it could conclude that defendant's negligence was the sole proximate cause of the accident. The mere fact that plaintiff performs a negligent act does not establish his contributory negligence as a matter of law. *Cf. Grass v. Hill* (1981), 94 Ill. App. 3d 709, 718, 418 N.E.2d 1133, 1140.

We conclude that summary judgment should not have been granted and reverse the judgment below, remanding the cause for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.