J. F. Shepard, Appellee, v. Lewis C. Wheaton, Deceased, Minnie A. Wheaton et al., L. F. Shepard, Trustee et al., Defendants and Appellees, and John Garvin, Trustee and Stockholders' Agent, Defendant and Appellant.

Gen. No. 9,458.

Heard in this court at the February term, 1945. Opinion filed February 28, 1945. Released for publication March 27, 1945.

RICHARD F. DUNN, WILLIAM R. BACH and WILLIAM J. BACH, all of Bloomington, for appellant.

BRACKEN, LIVINGSTON, MURPHY & BARGER and JOSEPH W. DEPEW, all of Bloomington, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

John Garvin, trustee and stockholders' agent, one of numerous defendants in a mortgage foreclosure proceeding pending in the circuit court of McLean county,

has appealed from a summary judgment entered against him and in favor of plaintiff in the above cause. The plaintiff appellee, J. F. Shepard, had filed a suit in equity to foreclose a first mortgage real estate lien given to secure payment of a promissory note in the principal sum of $7,000, by Lewis C. Wheaton and Minnie A. Wheaton, his wife, to Shepard as trustee, on March 15, 1922 and duly recorded on May 4, 1922. On March 1, 1925, the Wheatons had executed a second deed of trust in the nature of a mortgage covering the same real estate, which was recorded on June 12, 1925. This second mortgage lien was given to secure the payment of a series of five promissory notes aggregating $8,000. Notes numbered 1, 2 and 3 were for principal sums of $2,000 each and notes numbered 4 and 5 were for $1,000 each; the latter two being held by defendant appellant Garvin as trustee and assignee agent for former bank stockholders. The foreclosure suit was filed on July 29, 1932, and set forth both mortgage liens, alleging the second mortgage to be a junior and subordinate lien to that of the plaintiff. The mortgagors, noteholders and others claiming interest under the second mortgage were joined as defendants. All defendants except appellant failed to plead and made default. Appellant Garvin alone filed an answer and counterclaim and now prosecutes this appeal.

On June 5, 1929, one L. B. Strayer, as administrator of the estate of Sarah Hefner, deceased, holder of notes 1, 2 and 3 secured by the second mortgage, had filed a suit in chancery against J. F. Shepard and the Normal State Bank for an accounting and equitable relief. In that proceeding, it was alleged that Sarah Hefner had placed in the hands of J. F. Shepard and the Normal State Bank, funds to be invested for her, which money was used in the purchase of said second mortgage notes numbered 1, 2 and 3. The administrator charged that defendants had falsely represented to the deceased that the notes were secured by first

mortgage liens; that she later learned such representations to be false and by her suit, sought rescission of the contract for the sale and purchase of the notes and recovery of the purchase price paid therefor. On the day following the filing of this suit, Stella Flesher, daughter of Sarah Hefner, as assignee and owner of the mortgage notes 4 and 5, filed a similar suit with similar allegations of fraud and misrepresentation against said defendants Shepard and Normal State Bank. She also prayed rescission of the contract of purchase as to notes 4 and 5, aggregating $2,000, and sought recovery of the purchase price thereof. She tendered the notes to the defendants in that proceeding and then deposited them with the clerk of the circuit court of McLean county in which all of the suits were pending. The filing of both suits seeking rescission of the contract and recovery of the money antedated the filing of the foreclosure proceeding wherein the summary judgment now before this court was entered. Some of the same attorneys who appear herein represented the owners of the three notes held by the mother's estate and of the two notes held by the daughter. By agreement, the Flesher case of the daughter seeking rescission of notes 4 and 5 was to abide the final decision in the Strayer case affecting notes 1, 2 and 3 which decision should be "accepted by counsel on both sides as controlling the issues" in the Flesher case. The statement and stipulations in relation thereto by Mrs. Flesher and her attorney Mr. Dunn, who is also counsel for appellant in this proceeding with other counsel, appears with Mrs. Flesher's subsequent motion to dismiss her suit set forth at page 5 of additional abstract. The motion to dismiss the Flesher suit and return notes 4 and 5 to her was filed on December 27, 1943 and on the same day was heard and taken under advisement and since then, no order has been entered in that cause and the motion was never ruled upon by the chancellor of the

trial court in which the case is still pending. Copies of the pleadings and court proceedings in the Strayer and Flesher cases together with certified copy of the Appellate Court's opinion in the Strayer case are attached as exhibits to the amended verified complaint, all of which appear from the exhibits and stipulations and clerk's certificate attached thereto.

The case filed by Strayer as administrator of the estate of Sarah Hefner, deceased, mother of Stella Flesher, was dismissed by the trial court for want of equity in 1937. An appeal was taken from that decree to this court and the respective parties were represented in this court by some of the same counsel as those appearing in the present and all prior proceedings. The Strayer case was decided by this court on April 20, 1938; our opinion appearing in abstract form in *L. B. Strayer v. Shepard,* 298 Ill. App. 630, 19 N. E. (2d) 234. The exhibit of a certified copy of the court's opinion in that case, upon rehearing therein, fully details the material facts averred and involved in the present proceeding. We there fully discussed the equitable claims of plaintiff under the facts presented and held that the appellant was not entitled to equitable relief and had a complete and adequate remedy at law, since she sought recovery of only a money judgment or decree.

During the year of 1926 and before filing her above suit in 1929, Stella Flesher had assigned her notes numbered 4 and 5 and certain other notes as collateral security for a $2,700 loan, to the Farmers State Bank of Wenona of which appellant was then president. These pledged notes numbered 4 and 5 were later delivered to her by the bank in order to enable her to tender them to Shepard and the Normal State Bank and to deposit them with the clerk of the circuit court as a continuing tender, in which entire transaction the bank pledgee co-operated with her and were conversant with the facts. The assets of the Farmers State

Bank of Wenona later passed to the First State Bank of Wenona, in which transaction the Farmers State Bank guaranteed payment to the First State Bank of Wenona of the Flesher second mortgage notes numbered 4 and 5 then held as collateral. Appellant John Garvin, president of the Farmers State Bank, testified in the Strayer case. Appellee Shepard contends that by reason of these circumstances and the acquirement of the notes concerning which Stella Flesher had filed her suit in which the notes were so deposited and still remain in the custody of the clerk of the circuit court of McLean county, the Farmers State Bank, as assignee pledgee of the notes became privy to the rescission by Stella Flesher. Subsequent to the disposition by this court of the appeal in the Strayer administrator case, the appellee Shepard filed an amended complaint on September 2, 1942 in the foreclosure proceeding under the first mortgage, setting up the transfer by Stella Flesher to the Farmers State Bank of Wenona as assignee of all her right, title and interest in and to notes 4 and 5 and the bank's legal ownership thereof. The bank was then joined as a defendant and the same relief was prayed as against all defendants in the original complaint.

Later, on March 24, 1943, defendant appellant Garvin, as trustee and stockholders' agent, filed his appearance and answer to the amended complaint. In this answer, he alleged in substance that he was the former president of the Farmers State Bank of Wenona which was dissolved on May 13, 1942; that all of its assets, including notes 4 and 5 were assigned to him as trustee and stockholders' agent. He later filed an amended answer on November 24, 1943 in which he alleged in substance that when Stella Flesher applied to the Farmers State Bank of Wenona in 1927 and was extended the $2,700 loan, partially secured by notes 4 and 5 as collateral, the bank officers inquired of Shepard as to the value of these notes and whether they

were secured by a first mortgage and alleged that they were told that they were first mortgage notes; that in reliance on such statement the bank made the loan and procured the assignment of the notes from Mrs. Flesher; which loan, however, was not sought by nor made to Shepard who was not a party to the loan transaction; that Mrs. Flesher did not repay the loan and the assignment became absolute and that Shepard should now be estopped in equity from asserting priority of his first mortgage lien over that secured by the two second mortgage notes 4 and 5 now owned by appellant. The mortgage securing the notes appeared of record and no fiduciary relation between Shepard and the bank is averred. It further appears that the Wheatons, as mortgagors, Stella Flesher and all of the heirs of Sarah Hefner were made defendants in the foreclosure proceeding and that a default and decree *pro confesso* had been entered against all of them.

A motion for a summary judgment against the appellant Garvin was filed by appellee Shepard on December 10, 1943, with supporting affidavit setting forth in substance the foregoing facts and circumstances. The contention as set forth in the motion that by her election to rescind the contract of sale and purchase of notes 4 and 5 in her suit in chancery and to recover the purchase price, Stella Flesher and her privies are now estopped from affirming the contract of sale and purchase as against J. F. Shepard or from affirmatively asserting in this proceeding a claim based on the purchase and ownership of the notes superior to the rights of Shepard; that the Farmers State Bank of Wenona and appellant as its successor in title were and are privy to said rescission by Stella Flesher; that the rights of appellant Garvin are the same and privy to those of the rights and remedies of Stella Flesher; that the remedy available to them is that of the holder or holders of notes secured by a second mortgage lien subordinate and junior to the lien of the trust deed

securing the first mortgage note of $7,000 held by Shepard, as alleged in the amended complaint. This motion was duly heard and allowed by the circuit court and the summary judgment was entered against said defendant from which this appeal was taken.

Appellant has assigned eight errors, *viz:* (1) In entering order for summary judgment depriving defendant Garvin of his right to interpose alleged equitable defenses set forth in his answer. (2) That entry of the order of summary judgment was not authorized by par. 181, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.057], as not being an action upon a contract, express or implied, nor upon a judgment nor decree to recover possession of land and chattels. (3) In adjudicating the respective rights of the parties without hearing evidence. (4) In holding that the alleged dismissal without prejudice of the suit of Stella Flesher was a bar to defendant Garvin's alleged affirmative defense. (5) In holding that John Garvin is estopped as against plaintiff in asserting a claim or remedy as owner of the notes superior to the rights of plaintiff. (6) and (7) In holding that the suit of Stella Flesher was an election of remedies which bars appellant from presenting his affirmative defense. (8) In holding that mistaken equitable remedies sought by Stella Flesher is a bar to the alleged affirmative defense of appellant.

■ In passing upon the motion for summary judgment, only the facts well pleaded as a defense or counterclaim are to be taken as admitted and not the defendant's conclusions therefrom.

■ In passing upon the question of the trial court's jurisdiction to enter a summary judgment against the defendant on the theory that plaintiff's action is not based upon a contract seeking a money recovery or for the recovery of lands or chattels, the court must view the facts presented by the verified pleadings and exhibits in the light of present statutory provisions gov-

erning the same. In the provisions of sec. 57 of the present Illinois Civil Practice Act (Ill. Rev. Stat. 1943, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057) concerning summary judgments, the pertinent language reads as follows: "If in any action, including a counterclaim at law or in equity, (a) upon a contract, express or implied; or (b) upon a judgment or decree for the payment of money; or (c) to recover possession of land, with or without rent or mesne profits; or (d) to recover possession of specific chattels, the claimant shall file an affidavit . . . of the facts upon which the complaint or counterclaim is based and the amount claimed (if any), over and above all just deductions, credits and set-offs (if any), the court shall, upon motion, enter a judgment or decree for the relief demanded, . . ."

Paragraph 1 of rule 15 of the Supreme Court provides as follows: "(1) Affidavits in support of and in opposition to a motion by plaintiff or defendant for summary judgment or decree shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the party relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." Supreme Court Rule 16 provides "When the entry of summary judgment or decree in favor of a party entitled thereto will not dispose of all of the issues in the case, the court may, as the justice of the case shall require, either (1) allow the motion and postpone the entry of judgment or decree thereon; (2) allow the motion and enter judgment or decree thereon; (3) allow the motion, enter judgment or de-

cree thereon and stay the enforcement thereof pending the determination of the remaining issues in the case. If a party resisting the entry of a summary judgment or decree relies upon an affirmative demand against the moving party for an amount less than the latter's demand, judgment or decree for the difference may be entered and enforced.''

■■ This court held in the case of *Shirley v. Ellis Drier Co.*, 310 Ill. App. 518, 34 N. E. (2d) 728 that in passing on motions for summary judgment, the court considers affidavits of respective parties as though they represented oral evidence of witnesses on the stand, and then determines whether there would be something to go to the jury or whether the court would be required to direct a verdict. In the case of *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465, we further held that ''In summary judgment procedure, the pleadings, while important, are not controlling; if it appears from the facts stated in affidavits or documents that the answer is sham, or false, or frivolous, it will be disregarded.'' The appellee's suit in this instance sought to recover judgment upon a promissory note for $7,000, and to enforce plaintiff's equitable lien against real estate secured by the first mortgage. The right of the defendant to recover upon the notes secured by the second mortgage is not disputed and this right is alleged to be the same right as that of Mrs. Flesher from whom notes 4 and 5 held by appellant were acquired as privy assignee to the rights of Mrs. Flesher. It is no longer true that a summary judgment may not be granted in equity and we find no force in appellant's contention to that effect. The present statute and Supreme Court rules expressly provide that in any action, including a counterclaim at law or in equity based upon any of the four grounds set forth in the above-quoted statute, the court shall, upon motion, enter a judgment or decree for the relief demanded. This question arose directly in

equity proceedings in the cases of *Pellino v. 3232 Hull Ave. Realty Corp.*, 237 App. Div. 759, 264 N. Y. S. 214 and *Kohn v. Beggi*, 147 Misc. 701, 264 N. Y. S. 274 in which it was held that "It is proper to grant summary judgment in an action to foreclose mortgage." And, in the case of *Peoples Wayne County Bank v. Wolverine Box Co.*, 250 Mich. 273, 230 N. W. 170 it was held that "The summary judgment law provides a speedy method of determining whether there are any issues of fact in causes arising upon contract, judgment or statute." In *Coutts v. J. L. Kraft & Bros. Co.*, 119 Misc. 260, 196 N. Y. S. 135 it was further said that where no material issue of fact is raised by the pleadings, the court is empowered to render summary judgment on affidavit under this rule, although it is first necessary to decide an important question of law. See also Supreme Court Rule 16, *supra*. We are of the opinion that the trial court, under the present act, was fully empowered to enter a summary judgment upon the factual situation presented by the affidavits and record. The question presented by the record is not whether the appellant may enforce his rights as assignee of the notes by enforcement of his junior mortgage lien, but whether or not the alleged affirmative defense seeking an equitable remedy against the plaintiff whereby plaintiff is estopped from asserting a prior lien under the first mortgage as against appellant assignee's notes on the ground of alleged fraudulent representations, states a good defense or counterclaim. From the record before us, including the pleadings, stipulations, agreement concerning the decision of this court in the Strayer case binding by agreement upon the parties in the Flesher case and the respective affidavits and opinion in full of this court, factually reciting the entire proceedings, followed by the motion for summary judgment, we are of the opinion that the appellant was without question a party privy to the Flesher case, fully conversant with the

facts and bound to the same extent as the assignor was by the agreement concerning the disposition of both cases and cannot now, in equity set up the same alleged defense which Mrs. Flesher saw fit to elect and pursue in her suit which is fully discussed in the former opinion of this court in the Strayer suit.

Disregarding the conclusions and considering only facts well pleaded by appellant, together with the pleadings, affidavits and exhibits before this court, the attempt of defendant by a belated amendment to set up and relitigate the same facts that were passed upon in the former proceeding and there held not to constitute equitable grounds of relief, does not set forth facts stating valid grounds of defense or right to the relief prayed for in the counterclaim.

While ordinarily, the question would be passed upon by a motion to strike where the pleadings upon their face failed to set up a valid defense; the rule varies in case of a verified motion for summary judgment setting up by affidavit certain additional facts and requires that movant make it clear to the court that no issue of fact is actually presented by the pleadings and that the court may, upon motion, enter a summary judgment. Here, we believe that the trial court committed no error in granting the motion for a summary judgment and in entering judgment against appellant.

While we have not discussed at length the various contentions of the parties, we have fully considered the same and we find no reversible error in the record. The judgment of the circuit court of McLean county is therefore affirmed.

*Judgment affirmed.*