William **H.** Grant, Appellee, v. George **L.** Reilly and Dean Milani, Appellants.

**Gen. No. 10,574.**

Opinion filed April 1, 1952. Released for publication April 18, 1952.

KINNE & SCOVEL, of Chicago, for appellants; HAROLD F. SCOVEL, of Chicago, of counsel.

FRANK M. DALY, of Waukegan, for appellee; J. E. BAIRSTOW, of Waukegan, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

William H. Grant, the owner of 374 shares of the capital stock of Bozarth Motor Sales, Inc., an Illinois corporation, entered into a written agreement with Dean Milani on December 22, 1950, in which he agreed to sell to Milani and Milani agreed to buy said stock for $95,000, of which sum $80,000 was to be paid upon the execution of the contract and the balance was to be deposited in escrow. The contract also provided that the seller guaranteed the substantial correctness of cash sales account in the sum of $5,806.56 as shown in a financial statement of the corporation as of November 30, 1950, and also agreed to indemnify the purchaser for any and all income and state taxes presently due or which would become due against said corporation to the date of the consummation of the sale in excess of any reserve set up in the books of the corporation.

Contemporaneous with the execution of this contract, the two escrow agreements involved in this proceeding were executed by the parties. One of these, after reciting that it was entered into in conjunction with the contract of sale of December 22, 1950, provided: "Purchaser deposits with George L. Reilly, Escrowee, sum of $5000.00 to be held by said escrowee as a fund to cover payment and correctness of cash sales account No. 117 as shown in financial statement of corporation dated November 30, 1950 in sum of $5,806.56. Purchaser shall employ J. W. North, CPA who shall within thirty days herein examine books of corporation for verification of said account. Escrowee shall pay said sum or such part thereof to seller as may be due said seller according to the report of said J. W. North. Unless said CPA has been physically unable to finish said examination and report within said period of 30 days such of $5000.00 shall be due and payable on demand of seller."

The other escrow agreement involved herein referred to the purchase of 374 shares of common stock of Bozarth Motor Sales, Inc., by Mr. Milani from Mr. Grant and, as abstracted, provided: "Escrowee, George L. Reilly, acknowledges receipt of the sum of $5000.00 from purchaser to be held and distributed as follows: Purchaser shall employ J. W. North, CPA to examine books of said corporation for the purpose of determining any and all Federal and State tax liability of said corporation as of November 30, 1950 and shown on financial statement of said corporation of said date. Not later than 30 days from date hereof Escrowee shall pay to seller said sum of or such part thereof as may be due seller from report of said CPA by virtue of any error or discrepancy in the figures relating to said tax liability or insufficiency in the tax reserve as disclosed by the examination of said CPA. Should it be possible to have tax audit made by U. S. Internal Revenue Dept. within 30 days from date herein, then the same shall be the acceptable audit and the escrow funds distributed in accordance with same." Both escrow agreements were signed by the seller and the purchaser and accepted and approved by George L. Reilly, escrowee.

On March 27, 1951, the seller, William H. Grant, filed his complaint, making Dean Milani and George L. Reilly defendants. The complaint recited the execution of the contract of December 22, 1950, and the execution of the escrow agreements and averred that no verification of said cash sales account No. 117 was made within 30 days allowed under said agreements, and alleged that on January 25, 1951, a written demand was made by the seller upon the purchaser and upon the escrowee for the sum of $5,000, and the refusal of the defendants to pay the same. The complaint also charged that no audit, as provided in the other escrow agreement, was made and completed within the 30-day period, but when it was made, it evidenced no tax liability not provided

for in the tax reserve fund as shown on the financial statement of the corporation. It was then alleged that plaintiff, on January 25, 1951, made a written demand upon the defendants for the further sum of $5,000 and the refusal of the defendants to pay. Attached to the complaint were copies of the escrow agreements and the written demands of January 25, 1951. Separate answers were filed by the defendants, and a counterclaim was filed by defendant Milani. In this counterclaim it was averred that as a part of the inducement for this defendant to purchase the stock of the Bozarth Motor Sales, Inc., the seller exhibited to counterclaimant an audit or financial statement purporting to cover a period from August 1, 1950, to November 30, 1950, and represented that said statement was substantially correct; that an audit was made by J. W. North, CPA, as soon as it was physically posible for him to do so; that according to said audit there is now due the counterclaimant from the plaintiff a sum in excess of $10,000; that Gordon L. Bazelon is an attorney at law with offices at 38 South Dearborn street, Chicago, Illinois; that he has notified the Bozarth Motor Sales, Inc., that it owes him $4,760.28 which claim does not appear on the financial statement of August 1, 1950, to November 30, 1950, although this claim was alleged to be an obligation of the corporation pursuant to an agreement between the corporation and Mr. Bazelon on or about August 23, 1949. The counterclaim demanded judgment against Grant for $10,000 and the payment thereof from the funds now in the hands of George L. Reilly, escrowee, and made Gordon L. Bazelon an additional party defendant, who appeared and filed an answer and counterclaim.

On May 25, 1951, the plaintiff filed his motion for a summary judgment supported by an affidavit of the plaintiff. In opposition to this motion, Dean Milani and George L. Reilly filed their respective affidavits, and

thereafter the plaintiff moved to strike these affidavits on the ground that they did not show any defense to this action. Upon a hearing the court found that there was no meritorious defense interposed to plaintiff's claim and sustained the motion of the plaintiff for summary judgment and rendered judgment against George L. Reilly and Dean Milani for $10,000 and costs, and these defendants appeal.

The affidavit of the plaintiff in support of his motion for judgment averred that the facts and circumstances under which this cause of action alleged in the complaint arose are as follows: "That on the 22nd day of December, 1950, William H. Grant was the owner of 374 shares of stock of Bozarth Motor Sales, Inc., an Illinois Corporation; that on said day William H. Grant sold said stock to Dean Milani for the purchase price of $95,000.00 under a written agreement, a copy of said agreement being attached to the answer of Dean Milani and by reference made a part hereof; that on said day Dean Milani paid to William H. Grant the sum of $80,000.00 and the remaining $15,000.00 of said purchase price was deposited in three escrows of $5,000.00 each as follows: Escrow No. 1 provided that Frank M. Daly, as escrowee, hold the sum of $5,000.00 pending the continuation of title of certain real estate of the Corporation described as 541 South Genesee Street, and upon the showing of good title in the Corporation subject only to existing mortgage, general taxes and easement, to pay out said $5,000.00 to William H. Grant; that this escrow agreement was satisfactorily completed February 9, 1951; that escrow agreement No. 2 provided for the deposit of $5,000.00 with George L. Reilly, escrowee, to be held by him as a fund to cover payment and correctness of cash sales account No. 117 as shown in the financial statement of the Corporation dated November 30, 1950 in the sum of $5,807.56, a copy of said financial statement being attached to the an-

403

swer of Dean Milani and by reference made a part hereof; that escrow agreement No. 3 provided that George L. Reilly, as escrowee, hold the sum of $5,000.00 pending the examination of the books of said corporation for the purpose of determining any and all Federal and State tax liability of said Corporation as of November 30, 1950 and as shown on the financial statement of said Corporation of said date; that both escrow agreements provided that purchaser should employ J. W. North, C. P. A., who shall within 30 days of the date of the agreement, examine the books of the corporation, verify account No. 117 and determine any error or discrepancy in the figures relating to tax liability, and further that escrow agreement No. 2 provided that unless the C. P. A. has been physically unable to furnish such examination and report within said period of 30 days, the sum of $5,000.00 shall be due and payable on demand of seller; that escrow No. 3 provided that not later than 30 days from the date hereof, escrowee shall pay to seller said sum or such part thereof as may be due seller from report of said C. P. A. by virtue of any error discrepancy in the figures relating to said tax liability or insufficiency in the tax reserve as disclosed by the examination of said C. P. A.; that more than 30 days expired after the date of said agreements, they being dated December 22, 1950, and no accounting was furnished to William H. Grant or any other indication, either in writing or orally that cash sales account No. 117 as shown on the financial statement was incorrect or that there was any Federal or State tax liability.

"That on January 25, 1951, written demands were made by William H. Grant upon George L. Reilly to pay him the said sum of $10,000.00 being the $5,000.00 due on each of said escrow agreements; copies of said demands being attached to the complaint herein and by reference made a part hereof; that the said George L. Reilly refused to pay William H. Grant said monies;

404

that under said escrow agreements there is now due and owing to William H. Grant the sum of $10,000.00 by reason of the fact that no errors or discrepancy were shown or accounting made within the 30 day limitation period set out in said escrow agreements; that on February 17, 1951 a copy of a letter from J. W. North & Co., C. P. A., purporting to be an accounting of the Corporation finances addressed to Mr. Dean Milani, Bozarth Motor Sales, Inc., Waukegan Illinois, was submitted to William H. Grant, which accounting purports to show a deficiency in the cash sales account No. 117 of $289.26 and no Federal or State tax liability of said Corporation as of November 30, 1950, a copy of said letter being attached to the answer of defendant, Dean Milani, and by reference made a part hereof; that affiant, William H. Grant, did not guarantee the correctness of any other accounts of the Corporation, but does state that as of November 30, 1950, the date of closing of the books of the Corporation for the purpose of auditing for this transaction, the account '1950 Income Tax Liability' was over paid in the amount of $3784.25, based upon the profit shown as of that date; that defendant, Dean J. Milani in a counterclaim filed in this action alleges that he has been notified that Bozarth Motor Sales, Inc., owes Gordon L. Bazelon, Attorney at Law, $4,760.28 by reason of legal services given the Corporation on or about August 23, 1949, and that William H. Grant agreed to guarantee this purported liability; that your affiant denies that there is any sum due said Gordon L. Bazelon from said Corporation or that any demand was ever made on said Corporation by said Gordon L. Bazelon during the time William H. Grant was a stockholder of said corporation and that no demand has ever been made upon him nor did he ever have knowledge of a letter of demand as set out in defendant, Dean Milani's, answer as his Exhibit D.''

The affidavit then concludes: "Your affiant further states that he is not indebted to Dean J. Milani in any amount; that by reason of the facts aforesaid, the said sum of $10,000.00, plus interest is now due and owing from the defendant, George L. Reilly, to the plaintiff, William H. Grant. Wherefore, affiant prays that judgment be ordered for the plaintiff, William H. Grant, and against the defendant, George L. Reilly, for the sum of $10,000.00 with interest from January 25, 1951 to the date of entry of the judgment and costs."

The defendants, Dean Milani and George L. Reilly, each filed an affidavit in opposition to plaintiff's motion for a summary judgment. The affidavit of Dean Milani, after reciting that he had read all the pleadings in this case and has full knowledge of the facts, states: "This affiant purchased by written agreement from William H. Grant, plaintiff herein, 374 shares of the Bozarth Motor Sales, Inc., an Illinois corporation, which were represented to be all the outstanding shares in said company, a copy of which agreement is attached to the counterclaim as Exhibit 'A', filed herein by this affiant and by reference is made a part hereof; as a part of the inducement for this affiant to purchase said shares, plaintiff exhibited to him an audit designated as 'Financial Statement' purporting to cover a period from August 1, 1950 to November 30, 1950 and represented to this affiant that said financial statement was substantially correct, a copy of which financial statement was attached to this affiant's counterclaim, marked Exhibit 'B' and by reference is made a part hereof. Thereafter an audit was made by J. W. North, Certified Public Accountant, all as provided for by said contract and escrow agreements as referred to in the pleadings herein, a copy of which audit is attached to affiant's counterclaim filed herein and by reference made a part hereof. A Notice was served on the Bozarth Motor Sales, Inc., by Gordon L. Baz-

elon, an attorney with offices at 38 South Dearborn street, Chicago, Illinois, that the said Bozarth Motor Sales, Inc., owes him $4,760.28, a copy of which notice dated October 23, 1949, was attached to this affiant's counterclaim marked Exhibit 'D' and by reference made a part hereof, but that said financial statement furnished to affiant did not show said outstanding claim of said Gordon L. Bazelon. Contrary to the terms of said contract for said shares and according to said audit and other shortages that appear from day to day that should have been included in said financial statement, as furnished this affiant, but which was not so included, there is now due this affiant from the plaintiff the sum of, to-wit: an excess of $10,000.00. Affiant further states that he is not indebted to William H. Grant in any amount. By reason of the facts aforesaid the sum of $10,000.00, which is a part of the purchase price and is now held in escrow by George L. Reilly, is now due this affiant and should be disbursed by him under the order of this court to the individuals who have claims against the Bozarth Motor Sales, Inc., and against whose claims the said William H. Grant guaranteed, as set forth in the contract between the parties, and to reimburse this affiant for shortages on other accounts as alleged herein and more fully set forth in the counterclaim heretofore filed. Wherefore, affiant prays that judgment be entered for this defendant, Dean Milani, on his counterclaim against the plaintiff, William H. Grant, for the sum of $10,000.00, together with his costs most wrongfully sustained in this behalf, and that said George L. Reilly, escrowee, be directed to pay said sum now in his hands to this defendant.''

The affidavit of George L. Reilly recites that he has read the affidavit for summary judgment and the other pleadings in the cause and knows the contents thereof and that on the day the transaction for the sale was closed $15,000 of the purchase price was placed in three

407

separate escrows of $5,000 each; that one of the escrows had been terminated and that he has $10,000 covered by the other two escrow agreements which he holds for the benefit of the parties in accordance with their agreement and offers to pay said money as directed by the court. This affidavit then recites that affiant had been served with a notice by Dean Milani to the effect that "J. W. North, Certified Public Accountant, had completed the preliminary audit of Bozarth Motor Sales, Inc., and that it appears from said audit that many shortages and inaccuracies had been discovered and that in addition a notice had been served on the corporation by Gordon L. Bazelon; that the said Gordon L. Bazelon had certain claims against the corporation and that there were certain other shortages of accounts, etc., which would total approximately $10,000.00, and that this affiant was notified to retain the said $10,000.00 which represented a part of the purchase price until the said William H. Grant had complied with the terms and provisions of said contract of sale and purchase and the guaranteed representations made by said William H. Grant as contained in Exhibit 'B' of the answer of Dean Milani and made a part of this affidavit by reference. . . . that the said Dean Milani has filed an answer and counterclaim herein denying that the said William H. Grant is entitled to all or any part of the money held by this affiant in escrow, and alleging in said counterclaim that numerous representations had been made by the plaintiff, William H. Grant, and that Gordon L. Bazelon a party defendant to these proceedings and claiming that the plaintiff was not entitled to any of the funds held in escrow by this affiant, but that in fact, said funds should be returned to said Dean Milani, a copy of which answer, counterclaim and the Exhibits thereto attached are made a part of this affidavit."

Counsel for appellee call our attention to the fact that neither the complaint, answer or counterclaim

were under oath and that the motion for summary judgment asked for judgment only against the escrowee, George L. Reilly. Counsel argue that this motion and the affidavit in support thereof were based on the two escrow agreements, under one of which $5,000 of the purchase price was deposited with Reilly, escrowee, to protect the purchaser in the event cash sales account No. 117, as shown by the financial statement of November 30, 1950, was incorrect, and the other, which provided that an additional $5,000 was likewise deposited with Reilly, escrowee, for 30 days in order to protect the purchaser in the event an audit disclosed that there was any federal and state tax liability in excess of the tax reserve set up on the books of Bozarth Motor Sales, Inc. Counsel for appellee insists that the enemy of summary judgment is to be determined upon the affidavits and not upon unverified pleadings; that the affidavit of the plaintiff discloses that the conditions of both escrow agreements have been fulfilled; that the affidavits of appellants do not refute or contradict the facts set forth in appellee's affidavit for judgment, but their affidavits are based on that part of the contract of sale by which appellee guaranteed that there are no other liabilities of Bozarth Motor Sales, Inc., other than those shown on the books of that corporation.

There is nothing contained in the affidavits filed by appellants contradicting the facts set forth in the affidavit of appellee for summary judgment so far as the provisions of the escrow agreements themselves are concerned. Any facts alleged in an affidavit for summary judgment which are not denied are admitted. (*Killian v. Welfare Engineering Co.*, 328 Ill. App. 375.) Counsel for appellants do not contend otherwise, but it is their theory that this is a proceeding not only against the escrowee, Reilly, but also against Milani; that the pleadings disclose that the financial statement furnished by appellee to Milani was incorrect; that in

409

addition to the claim of counterclaimant, Bazelon, there were other outstanding claims against Bozarth Motor Sales, Inc., and that of the purchase price the sum of $10,000 was held in escrow to protect the buyer Milani; that while this sum was mentioned in connection with certain specific obligations referred to in the escrow agreements, any amount found to be due Milani because of an incorrect financial statement should be determined in this law suit; that Milani, since he was made a party to this proceeding, is entitled to have all his rights growing out of this transaction adjudicated in this proceeding and Milani is here insisting that appellee settle or pay not only the claims of Bazelon but of all others reported by CPA North; that the escrowed $10,000 should be used to settle the amount that may be found due Bazelon on his counterclaim and also to discharge any other accounts against the corporation rather than permit the escrowee to pay that sum to the plaintiff.

Counsel for appellants argue that whether there is or is not any sum due Bazelon or any other creditor of Bozarth Motor Sales, Inc., is an issue of fact; that the counterclaim of Milani alleged an indebtedness due Bazelon from Bozarth Motor Sales, Inc., and the affidavit of the plaintiff for summary judgment denied this allegation; that here then is an affirmation and denial which creates an issue of fact and which, therefore precluded the entry of a summary judgment.

The allegations of the counterclaim of Milani and the affidavit for summary judgment do raise an issue of fact, but that issue is unrelated and has nothing whatever to do with the provisions of either the escrow agreements. The original complaint sought to have the $10,000, which was a part of the original purchase price of the shares of stock sold by the plaintiff to defendant, Milani, paid to the plaintiff by the escrowee in whose hands it had been placed. This $10,000 was not placed

410

in escrow to take care of any indebtedness due Bazelon from Bozarth Motor Sales, Inc. Mr. Milani, however, is insisting by this appeal that this amount be held by the escrowee and applied to that purpose. , Mr. Milani filed a counterclaim making Bazelon a defendant thereto, and then Bazelon filed a counterclaim making the Bozarth Motor Sales, Inc., a party thereto. This $10,000 was, as conceded by counsel for appellants, to be held by the escrowee to protect Milani in connection with certain specific obligations covered by the escrow agreements and the action of Milani and Bazelon, by the allegations of their counterclaims, could not extend the clear, unequivocal provisions of the escrow agreements nor can Milani thus preclude Grant, the original plaintiff, from recovering a fund which, under the provisions of the escrow agreement, he is clearly entitled to. As said in *Cuilini v. Northern Trust Co.,* 335 Ill. App. 86 at p. 91, "It is not the province of the court to alter a contract or make a new one for the parties and thus attempt to ignore one which the parties made for themselves." In *Hageman v. Holmes,* 179 Ill. 275, the court said (p. 280): "The liability of the promising party to a written contract must affirmatively appear from the language of the instrument when properly interpreted and construed, and the liability so appearing cannot be extended or enlarged on the ground, alone, the situation and circumstances of the parties justified or demanded further or other liability."

■ ■ Whether Bozarth Motor Sales, Inc., was indebted to Bazelon for legal services under a contract made in August, 1949, is in no way connected with the sale of the stock in the corporation covered by the agreement between Grant and Milani in December, 1950, and there is nothing said in either escrow agreement referable to this claim. In our opinion, the affidavits of appellants do not recite facts which, if proven, would constitute a defense to plaintiff's action. By fil-

ing counteraffidavits in reply to appellee's motion for summary judgment, appellants admitted the sufficiency of appellee's motion and affidavit for judgment. (*Baum v. Martin*, 335 Ill. App. 277, 279; *Scharf v. Waters*, 328 Ill. App. 525.) The terms of the two escrow agreements are plain and unambiguous. One pertains to the correctness of cash sales account No. 117 and the other to the question of Federal and State tax liability of the Bozarth Motor Sales, Inc. The provisions of these escrow agreements are the basis of the instant proceeding. The issues between appellee and the escrowee Reilly have to do with the right of appellee to recover the money deposited with the escrowee under these written escrow agreements.

The judgment in this case erroneously runs against both Milani and Reilly. It should have been only against Reilly. The judgment is therefore reversed as to appellant Dean Milani and is affirmed as to appellant George L. Reilly. (*Minnis v. Friend*, 360 Ill. 328.)

*Judgment reversed as to Dean Milani. Judgment affirmed as to George L. Reilly.*