Mary Tansey, Plaintiff-Appellant, v. Parker Robinson, et al., Defendants.
The Great Atlantic & Pacific Tea Company, Defendant-Appellee.

Gen. No. 47,781.

First District, First Division.
February 1, 1960.
Released for publication February 24, 1960.

Parkhill, Severns, and Stansell, of Chicago (Bruce Parkhill and Kenart M. Rahn, of counsel) for plaintiff-appellant.

Kirkland, Ellis, Hodson, Chaffetz and Masters, of Chicago (David Jacker, William H. Symmes, and Frederick W. Temple, of counsel) for defendant-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a summary judgment in favor of defendant, The Great Atlantic and Pacific Tea Company, hereinafter called A & P. Defendant Robinson did not appear. Another defendant, Harloff Brothers, named in the complaint is not involved in this appeal.

The case grows out of an automobile accident which occurred October 3, 1956, in Evanston, Illinois. Plain-

tiff was seated in her parked car when it was struck in the rear by a truck driven by Robinson who was delivering groceries purchased by A & P customers.

The amended complaint, in summary, charges that Robinson was guilty of negligence; that A & P had engaged him to perform delivery service; that Robinson had a record as an habitually negligent driver and that A & P knew or should have known of it; that Robinson had been operating his vehicle in violation of the Illinois Safety Responsibility Act; that his driver's license had been revoked; that he had no certificate of permission from the Illinois Commerce Commission as required by the Illinois Motor Carrier of Property Act [Ill Rev Stats 1959, c 95½, § 282.5]; and that A & P failed to use ordinary care in his selection. A & P's answer, filed after its motion for summary judgment, denies every allegation except averments with respect to its citizenship and the character of its business.

Plaintiff filed interrogatories to be answered by A & P. Those and supplemental interrogatories were answered. Plaintiff also filed a notice to A & P to admit the truth of some 32 facts relating to the subject matter of her interrogatories, to which A & P objected. It was ordered to answer, but no answer appears in the record.

A & P's motion for summary judgment is supported by the affidavit of one Johnson, manager of its Main Street store. The affidavit avers that Robinson was an independent contractor using his own trucks, hiring his own delivery boys, and determining their time and routes of travel; that A & P did not know of Robinson's record of traffic violations nor of the loss of his driver's license and lack of the permits required by law. Plaintiff had filed an affidavit listing the various activities of A & P employees who cooperated in the rendering of delivery service by Robin-

231

son. Also contained in her affidavit were statements concerning Robinson's driver's license revocation as of a date prior to the time of the accident, his failure to secure proper licenses by which he could lawfully engage in the delivery service business and, in addition thereto, a list of Robinson's traffic violation convictions between September 23, 1947, and July 21, 1956, numbering 29 in all, and varying in type from illegal parking to speeding, passing a stop sign, defective brakes, and failing to yield the right of way.

Plaintiff subsequently filed notice to take the depositions of L. Johnson, manager of A & P's Main Street store, and of the manager of its Chicago Avenue store. Plaintiff also asked for the production of certain documents relating to delivery service agreements of prior years for each store and for employment records of certain persons. A & P moved that these depositions not be taken. On January 27, 1959, the trail court entered judgment in A & P's favor and denied plaintiff leave to take the depositions of A & P's employees or to file additional affidavits. Plaintiff's subsequent motion to vacate and set aside the judgment was denied.

A & P rests its case largely on the contention that the contract it had with Robinson makes him a licensee only, authorized to go upon its premises for the purpose of transacting his delivery business for A & P's customers. Its case does not stand squarely on that proposition, however, but it is urged that if Robinson was something more than a licensee, then he was an independent contractor and, as such, the A & P was not liable for his negligence. The contract which constitutes such a vital part of this case is short, and we will summarize it briefly.

It is made by A & P "in behalf of its customers at its branch store 718 Main and 1629 Chicago Ave., Evanston, Illinois." The A & P agrees to permit Robin-

son (called Roberson, and referred to as "Delivery Service") to pick up from said store, grocery orders for which delivery has been requested by its customers, and the Delivery Service agrees to do so. Then follow a group of exculpatory statements—that A & P is in no way connected with the Delivery Service; that the Delivery Service is exclusively in the control of Delivery Service; that A & P has no control of any kind over delivery routes, time of deliveries, or operation of any vehicles used in the delivery of any grocery orders from said store; that the Delivery Service is responsible for prompt and safe delivery; that delivery fees to be charged are to be determined exclusively by Delivery Service, and that A & P is not to share in the fees. The Delivery Service agrees to carry at its expense public liability and property damage insurance. The agreement is cancellable immediately upon notice by either party.

The contract obviously effectuates the desire of A & P to provide a delivery service for its customers, thus meeting the competition of others in the same business, but most of its provisions strive for an avoidance of the liabilities which normally go with the furnishing of such service. The strong scent for business and at the same time for escape from its consequences have produced an anomalous relationship between A & P, Robinson, and the customers on whose behalf A & P purported to act. Such a plan to hide with the hare while running with the hounds is not prohibited by law (except, perhaps, a law of physics), but it does create a factual haze. To penetrate that haze and find the true realities should be the objective of this lawsuit.

■■ The written contract is not conclusive of the relationship which may actually have existed between A & P, Robinson, and A & P's customers. That depends upon the actual practice followed by the parties

233

and, as a general rule, becomes a mixed question of law and fact to be submitted upon proper instructions to a jury. Determination of the question of whether the relationship of employer and employee, principal and agent, or owner and independent contractor exists depends upon such facts as the matter of hiring, the right to discharge, the manner and direction of servants, the right to terminate the relationship, and the character of the supervision of the work done. Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 45 N.E.2d 665 (1942). Unless those facts clearly appear, the relationship cannot become purely a question of law. Thiel v. Material Service Corp., 364 Ill. 539, 5 N.E.2d 88 (1936). See also Jones v. Standerfer, 296 Ill. App. 145, 15 N.E.2d 924 (1938); Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 343 (1949); 27 Am. Jur., Independent Contractors, sec. 60 (1940).

In the Thiel case, supra, a company dealing in building materials was held liable for the negligence of a truck driver as its servant, although the driver did not use the company's truck, did not receive his pay directly from the company, and the latter had a contract with another to do all its hauling. It appeared, however, that the driver was hired at the company's office, was retained over the objection of the hauling contractor, and was subject to the direction of the company's employees. In the instant case, the hiring and discharge were with A & P. The addressing of the parcels was with A & P. Whatever supervision there was must have been in A & P, because it does not appear that the customers had any contact with Robinson.

In the instant case, the A & P claims to have entered into the contract on behalf of customers unknown and unnameable. What was the nature of the authority under which A & P executed such a contract on behalf of its customers? Was each customer

advised of his hiring of Robinson? Did he understand the nature of the contract as A & P construes it? A & P argues that Robinson was a mere licensee and came on A & P's property for the purpose of enabling him to perform his contract with a third person. This again raises a variety of questions of fact from which other inferences of fact may be drawn. A & P's sworn answer to the interrogatories reveals that its employees collected the fees to be charged, addressed the parcels so as to indicate their destination, and put them in a place set aside in the store where Robinson or his assistants could pick them up and deliver them. This is evidence that A & P was more than a mere licensor giving Robinson a license to enter its premises in order to transact business with A & P customers.

■ ■ Plaintiff alleges that Robinson who, along with A & P employees and officials, would be able to reveal the true nature of its operations, is not available. That leaves only A & P in possession of the facts. When from the nature of a case, one party is in possession of the proof required with respect to a material fact in the case, the duty is upon that party to adduce the evidence with respect thereto. Great Western R. Co. v. Bacon, 30 Ill. 347 (1863); Sprickerhoff v. Baltimore & O. R. Co., 323 Ill. App. 340, 55 N.E.2d 532 (1944); Arado v. Epstein, 323 Ill. App. 194, 55 N.E.2d 561 (1944). Litigation is not to be regarded today as a battle of wits, but should be directed toward a discovery of the facts and an application of the law so that justice may be done. Fleshner v. Copeland, 13 Ill.2d 72, 77, 147 N.E.2d 329 (1958); People ex rel. Noren v. Dempsey, 10 Ill.2d 288, 293, 139 N.E. 2d 780 (1957); Krupp v. Chicago Transit Authority, 8 Ill.2d 37, 41, 132 N.E.2d 532 (1956).

■ ■ Plaintiff contends that if it be assumed that Robinson was an independent contractor, it was still the duty of A & P to use care with respect to his selection, and that A & P did not exercise such

235

care. A & P answers that this duty was fulfilled when it inquired of Robinson's predecessor as to his reliability and was advised that the predecessor thought him reliable and recommended him. It also answered that Robinson had been delivering for other stores in Evanston, and that he produced a policy of insurance. As we have before stated, Robinson had a record of 29 convictions for traffic offenses. His license had been taken away from him and he had no permit from the Illinois Commerce Commission to operate the business of carrying property for hire. All these were matters which could have been determined by the A & P upon inquiry, and they are matters which a trier of fact may take into consideration in determining A & P's liability. The rule applicable in this case is that the degree of care which an owner should exercise in selecting an independent contractor is that which a reasonable man would exercise under the circumstances of each individual case. Restatement, Torts, Sec. 411, comment c, 1110–1112 (1934).

The affidavit before referred to signed by L. Johnson, manager of one of the A & P stores, states that he had no knowledge of Robinson's previous record, and that A & P did not possess such notice or knowledge. The averment in the affidavit as to A & P's knowledge is a conclusion of the affiant. It has no weight unless supported by the individual affidavits of those agents of A & P who undertook on its behalf to handle transactions with Robinson, and plaintiff was clearly entitled to the right to subject the officers and employees of A & P to cross-examination on that point.

A & P maintains that the sufficiency of its affidavit is admitted by plaintiff's having filed counter-affidavits in opposition to its motion for summary judgment, relying upon Grant v. Reilly, 346 Ill. App. 399, 105 N.E.2d 316 (1952). Only well pleaded facts

as a defense to an action are taken to be admitted and not defendant's conclusions therefrom. Walker v. Woods, 334 Ill. App. 619, 79 N.E.2d 533 (1948) (memorandum decision); Shepard v. Wheaton, 325 Ill. App. 269, 60 N.E.2d 47 (1945). Defendant must show facts entitling it to summary judgment, even if the opposing affidavit is itself insufficient. Prudential Ins. Co. of America v. Zorger, 86 F.2d 446 (7th Cir. 1936). It is also the rule that the movant's affidavit will be strictly construed and must leave no question of defendant's right to judgment, whereas the opposing party's affidavit is construed liberally. Naus v. Joanna-Western Mills Co., 18 Ill.App.2d 85, 92-93, 151 N.E. 2d 432 (1958); Sampson Co. v Mandel Bros., Inc., 3 Ill.App.2d 92, 95, 120 N.E.2d 571 (1954); Gliwa v. Washington Polish Loan & Bldg. Assn, 310 Ill. App. 465, 470-71, 34 N.E.2d 736 (1941), and authorities therein collected. Considering the Civil Practice Act, Rules of the Supreme Court, and the principles promulgated by the cases before cited, A & P's affidavit was inadequate to support its motion for summary judgment.

The next point to consider is whether Robinson came within the provisions of the Illinois Motor Carrier of Property Act, Ill. Rev. Stat., ch. 95½, sec. 282.5 (1959). A & P in its brief says that it seems apparent on the face of the act that it applies to Robinson, but "the fact is that the scope of Robinson's operation was small." There is no provision in the act which relates to size of operation. The act states explicitly that it is unlawful for any common carrier of property by motor vehicle to operate or furnish services as such carrier within this state without first having obtained a certificate from the commission declaring that public convenience and necessity require such operation. Robinson operated without such a certificate. He does not come under any of the excep-

237

tions to the act. We are of the opinion that it was the duty of A & P to find out, before entering into a contract with Robinson, whether he had a proper certificate from the Illinois Commerce Commission, and that its failure to do so is a fact to be taken into consideration in determining the care with which Robinson was selected.

Plaintiff argues that A & P, because of its employees' activities in charging and collecting fees and otherwise preparing parcels for delivery, actually engaged in the delivery business along with Robinson and, like Robinson, lacked authority to do so under the Illinois Motor Carrier of Property Act referred to above. However, that act excepts from its application the motor vehicle transportation of property by any person incident to or in furtherance of that person's private commercial enterprise, other than the business of transporting property of others for hire. Ill. Rev. Stat., ch. 95½, sec. 282.3(h) (1959). That would eliminate the necessity of A & P's obtaining a permit for itself.

This is a case in which plaintiff is fully entitled to those remedies provided by statute for obtaining information in the possession of the adverse party. The court for reasons not set forth denied plaintiff the right to take the depositions of employees of A & P. The court should have permitted her to do so and to have had an opportunity to cross-examine those employees with respect to A & P's manner of doing business with Robinson and possible notice or knowledge of Robinson's bad driving record, and other material matters. As the case stands, there are issues of fact which require submission to a jury or to the court if a jury is waived.

The judgment is reversed and the cause is remanded with directions to deny the motion for summary judgment, and for such other and further proceed-

ings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.