PENELOPE A. GOMIEN, Plaintiff-Appellant, *v.* WEAR-EVER ALUMINUM, INC., Defendant-Appellee—( CHARLES A. TWING, Defendant. )

(No. 70-36, ▮▮▮▮)

Third District—November 30, 1970.

Thomason, Thomson & Mirza, of Bloomington, for appellant.

Heyl, Royster, Voelker & Allen and McConnell, Kennedy, McConnell & Morris, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order granting the motion of the defendant, Wear-Ever Aluminum, Inc., to dismiss Count II of the amended complaint. The court made the additional finding that there was no just reason for delaying the enforcement or appeal from said order and this appeal was taken.

We shall concern ourselves herein only with the allegations of Count II of the amended complaint. The same alleges that defendant, Wear-Ever, entered into an agreement with the defendant, Charles A. Twing, under which Twing was retained as a "distributor" to solicit customer for and to sell the products of defendant, Wear-Ever, in a specified territory; that defendant, Wear-Ever, knew that in order to fulfill his obligations under the agreement it was necessary that defendant, Twing operate an automobile; that it then became the duty of defendant, Wear-Ever, to exercise reasonable care and diligence in the selection of its distributors; that defendant, Twing, had a record as a habitually negligent driver, having committed numerous traffic violations, and having been involved in motor vehicle accidents; that defendant, Wear-Ever, violated its duty to plaintiff by entering into its agreement with defendant, Twing, although it knew or should have known that defendant, Twing, was habitually

negligent and inattentive driver of motor vehicles; that while defendant, Twing, was operating his automobile for the solicitation of sales for the defendant, Wear-Ever, he negligently operated the same by committing certain specified acts of negligence and that as a result of the negligence of the defendant, Twing, his automobile collided with the plaintiff's automobile injuring her.

We have before us only the pleading question of the correctness of the court's order in granting the defendant Wear-Ever's motion to dismiss Count II of the amended complaint. The theory of this count is not that the defendant, Twing, was the agent or servant of the defendant, Wear-Ever, but that the defendant, Wear-Ever, was guilty of an independent act of negligence in selecting a distributor who the defendant, Wear-Ever, knew or should have known was a habitually negligent motor vehicle operator.

Plaintiff's brief cites only one case to sustain her position, *Tansey v. Robinson*, 24 Ill.2d 227, 164 N.E.2d 272. In that case the plaintiff was injured when her parked car was struck in the rear by a truck driven by Robinson who was delivering groceries. The amended complaint charged that Robinson was guilty of negligence; that the Great Atlantic & Pacific Tea Company (A & P) had engaged him to perform delivery service; that Robinson had a record as a habitually negligent driver and that A & P knew or should have known of it and that A & P failed to use ordinary care in his selection. A & P filed a motion for summary judgment alleging that Robinson was not an employee of A & P but at most was an independent contractor providing his own trucks, delivery boys, etc. A & P and Robinson had entered into a contract whereby Robinson would deliver groceries to customer of A & P who had requested delivery. The contract attempted to shield A & P from any responsibility as an employer of Robinson. The trial court granted A & P's motion for summary judgment.

The reviewing court held that the affidavits and counter-affidavits which were filed created issues of fact and that it was error to grant A & P's motion for summary judgment. The court stated that the contract between A & P and Robinson was not necessarily controlling as to the relationship between the parties. The court indicated that questions of fact had been raised whether that relationship was one of employer and employee or owner and independent contractor. The court also held that although Robinson may have been an independent contractor questions of fact had been raised from which the trier of facts could have determined that A & P was negligent in selecting Robinson as an independent contractor. The court cited section 411 of the Restatement of Torts, Comment C (1934).

In our case, plaintiff in her brief states that her complaint was drawn on the basis of the *Tansey* case. This is not a completely accurate state-

ment. Insofar as that case relates to a cause of action based on A & P's negligent selection of Robinson, it speaks of a relationship of owner and "independent contractor," whereas Count II of the amended complaint herein refers to Twing as having been "retained" as a "distributor." Section 411 of the Restatement of Torts cited in the *Tansey* case does not impose liability for failure to exercise reasonable care to "retain" a competent and careful contractor. The Restatement uses the words "employ" a competent and careful contractor. It is not clear why the allegation of Count II uses the word "retained" instead of the word "employed," and the word "distributor" instead of the words "independent contractor." It appears however that these differences were not the basis of the decision of the lower court nor has the appellee here made an issue of the same. The question presented is whether Count II of the amended complaint states a cause of action under the Rule stated in Section 411 of the Restatement of Torts as applied in *Tansey* case.

██ Generally speaking an employer is not liable for the negligence of his independent contractor. (*Hulke v. International Mfg. Co.,* 14 Ill. App.2d 5, 142 N.E.2d 717; *Kuhn v. Goedde,* 26 Ill.App.2d 123, 167 N.E.2d 805.) There are however many exceptions to the general rule. ██ Section 411 of the Restatement of Torts 2d sets forth one of these exceptions as follows:

"Section 411. Negligence in selection of contractor.

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons."

The *Tansey* case citing Comment C of Section 411 of the Restatement of Torts (1934) states that the degree of care which an owner under such circumstances should exercise in selecting an independent contractor is that which a reasonable man would exercise under the circumstances of each individual case.

A cursory comparison of the case now before us and the *Tansey* case would lead one to believe they were factually similar. As plaintiff stated in her brief she obviously tried to bring the allegations of her complaint within the pattern of the *Tansey* case. There is, however, a distinguishing factual situation in the two cases which we hold to be significant.

In the *Tansey* case the negligence of the independent contractor was committed in performing an act which under the contract he was engaged to perform; *i.e.,* delivering groceries. It should be noted that Section 411 of the Restatement states the rule to be that the employer must use

reasonable care to employ "a competent and careful contractor (a) to do work * * * (b) to perform any duty * * *" The competence and carefulness of the contractor must be in regard to the work he was engaged to do or the duty he was engaged to perform.

In an Annotation in 30 ALR at page 1538 the author states the rule to be "* * * an employer who engages a contractor, with knowledge, either actual or constructive * * *, that he does not possess that measure of skill which is requisite for the proper performance of the *stipulated work* is chargeable with personal negligence * * *." (Emphasis added.)

In *Ozan Lumber Company v. McNeely,* 214 (Ark.) 657, 217 S.W.2d 341, the independent contractor was employed to haul logs. The court said that the employer would be liable for injuries caused by the independent contractor's negligence in driving the truck if it employed him knowing that he was a carless, reckless and incompetent truck driver and operator. In *Ozan* as in *Tansey,* the negligence of the independent contractor which caused the injury was committed in the performance of the work he was engaged to perform. In *Ozan* the work to be performed was hauling logs and in *Tansey* it was delivering groceries.

In *Mooney v. Stainless, Inc.,* 338 F.2d 127 (Tenn. 1934) the independent contractor was engaged to erect a tower. In doing so he was hoisting a section into place by using a truck to pull a rope. After the section was in place the driver while attempting to slacken the rope negligently moved the truck forward instead of backward pulling a workman from the tower to his death. The court in reversing a verdict for the plaintiff commented on the applicability of the rule stated in Section 411 of the Restatement of Torts and stated that the accident was caused by the lack of attention or diligence on the part of the driver and was not due to any lack of skill, experience or equipment of the independent contractor. The *Mooney* case has been cited here as an indication of the strictness with which the courts have applied the rule as set forth in Section 411 of the Restatement of Torts.

In the case before us Count II of the amended complaint alleged that Twing was retained as a distributor to solicit customers and to sell the products of the defendant, Wear-Ever. Although Count II alleges that at the time of the accident Twing was operating his motor vehicle for the purpose of sales and soliciting sales for the benefit of Wear-Ever's business, quite obviously he was not directly performing the work for which he was engaged. The accident happened while Twing was driving a motor vehicle on the highway not while he was soliciting customers for or selling the products of the defendant, Wear-Ever.

Count II alleges that defendant, Wear-Ever, knew that in order to

fulfill the agreement it would be necessary for the defendant Twing to operate a motor vehicle. Nevertheless, the operation of the motor vehicle constituted an act collateral to the performance of the work for which Twing was engaged. The operation of the motor vehicle may have been convenient or required for the purpose of calling on prospective customers but it was not directly involved in soliciting or selling. If the work which Twing had been engaged to perform would have been selling and demonstrating automobiles or selling and demonstrating appliances used on automobiles and if he were so engaged at the time of the accident the factual picture would have resembled that in the *Tansey* case and in the *Ozan* case.

■ This distinction between collateral acts and conduct directly involved in the performance of the work contracted to be done was drawn by the Supreme Court of the United States in the old case of *Robbins v. Chicago* (1866), 4 WALL (U.S.) 657, 679, where the court said:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

Unless we are willing to abandon the general rule of an employer's non-liability for acts of an independent contractor, we must maintain the distinction referred to in the *Robbins* case in applying the exception to the general rule set out in Section 411 of the Restatement of Torts. If such distinction is not maintained then any act of an independent contractor no matter how remotely related to the subject matter of the contract could conceivably impose liability on the employer. We are well aware that the ultimate demise of the general rule has been predicted (Prosser on Torts, Third Edition, Section 70, page 481). However, such is not now the state of the law on this subject in this country or in this state.

■■ Accordingly, we feel that under the allegations of Count II of the amended complaint no cause of action was stated in favor of the plaintiff and against the defendant, Wear-Ever. Therefore, the trial court properly granted the defendant Wear-Ever's motion to dismiss Count II of the amended complaint.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.